**McKINNEY v. UNITED STATES.**

**Nos. 11791–11797.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 5, 1953.

Decided Dec. 17, 1953.

Mr. William E. Owen, Washington, D. C., with whom Mr. Ralph Stein, Washington, D. C., was on the brief, for appellant.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., William J. Peck, Asst. U. S. Atty.,

Washington, D. C., at time of argument, and Edward O. Fennell, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Mr. William R. Glendon, Asst. U. S. Atty., Washington, D. C., at the time record was filed, also entered an appearance for appellee.

Before CLARK, PRETTYMAN and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This appeal concerns the right of an accused in a criminal case "to have the Assistance of Counsel for his defence," pursuant to the Sixth Amendment.[1]

In January 1953 William McKinney filed in the United States District Court for the District of Columbia, a motion, pursuant to 28 U.S.C. § 2255 (Supp. 1952), to vacate sentences of imprisonment which had been imposed on him in 1938. He appeals from a denial of this motion by the District Court.

It appears that in January 1938 seven indictments charging robbery were filed against McKinney. On February 15, 1938, appellant was arraigned before Mr. Justice O'Donoghue in the United States District Court for the District of Columbia and pleaded guilty. On February 18 he again appeared before Mr. Justice O'Donoghue and was sentenced to consecutive terms of imprisonment of three to five years for each offense. In his affidavit filed in support of his motion pursuant to Section 2255, McKinney alleged that he was "without the assistance of counsel at any stage of the criminal proceedings." He further alleged that he had no "funds to retain a lawyer and did not know that he had the right to have the Court appoint a lawyer to counsel him regardless of his impoverishment." The affidavit also says that "at no time was he inquired of as to his desire for, or instructed as to his right to an attorney"; that he was "a young negro man from another jurisdiction"; and

that he "was unlearned in the law and educated to the third grade."

A hearing was held in the District Court upon the motion. Counsel for McKinney offered the files of the District Court and the affidavit of his client in evidence. The District Court took judicial notice of a passage appearing in the Criminal Minute Book which recited that on February 15, 1938, the defendant McKinney appeared "in proper person, in custody of the Superintendent of the Washington Asylum and Jail, and by his attorney Lester Wood, Esquire," and thereupon pleaded guilty to each of the seven indictments. The court also took note of the form of the judgments and commitments entered on February 18, 1938. Each of these recited that the defendant McKinney appeared in proper person. A blank space appearing in the form immediately after that recital was not filled in. The instruction to the clerk at the bottom of the form said, in regard to this blank space, "insert 'by counsel' or 'having been asked whether he desired counsel assigned by the Court, replied that he did not,' whichever is applicable." The pertinent docket entries were silent as to whether appellant had counsel at any stage.

The District Court denied McKinney's motion. McKinney's counsel then filed a motion to reconsider, and at the hearing presented Mr. Lester Wood as a witness. Mr. Wood testified that he had no recollection of representing McKinney. He said that when he first heard the name (in the present proceeding) he thought it sounded familiar, though he later decided that his first recollection could not have been of the present petitioner. He stated that he had consulted his records but found nothing pertaining to McKinney. He also said that he had discarded some of his old files. The District Court denied the motion to reconsider.

■■ McKinney's present application for relief comes late in the day: he has

1. See, in general, Powell v. Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

served some fifteen years in prison. But tardiness is irrelevant where a constitutional issue is raised, and where the prisoner is still confined. McKinney's total sentence, after all, was for twenty-one to thirty-five years. The right to representation by counsel is one requiring the strict protection of the courts.

We turn, then, to the first occasion on which McKinney appeared before the court—February 15, 1938, when he was arraigned and pleaded guilty. McKinney says that on that occasion he was not represented by counsel. There is no docket entry indicating that he had counsel. But the Criminal Minute Book, a permanent and official record of the District Court, indicates that he appeared in person and by his attorney Lester Wood. True, it is urged that the book is simply a transcription of rough notes made by a clerk present in the courtroom, these notes being copied into the Minute Book a day or so later. But this is not in itself sufficient to show inaccuracy in the Minute Book. Nor does Mr. Wood's testimony, as described above, impeach the book's accuracy. Moreover, a presumption of regularity attends the judgment of a court when a collateral attack is made upon it. Johnson v. Zerbst, 1938, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. In the light of that presumption we think the District Court could properly find on the evidence before it that McKinney was in fact represented by counsel at the time he was arraigned and pleaded guilty. McKinney's motion for a new trial, being based on a contrary view of the facts, was properly denied.

With respect to the happenings on the day McKinney was sentenced and committed—February 18, 1938—a serious problem arises. The Government concedes that McKinney was not represented by counsel at that time. It argues that the sentence must stand because appellant failed to sustain the burden placed upon him of establishing that he did not waive counsel at the time of sentencing.

The orders of the District Court under appeal state simply that petitioner was represented by counsel at the time he entered his plea of guilty. They do not mention the question of waiver of counsel at the time of sentencing. There was no finding on the subject. We cannot presume from the court's disposition of the case that the question of waiver was decided. There is "'every reasonable presumption against waiver' of fundamental constitutional rights." Johnson v. Zerbst, supra, 304 U.S. at page 464, 58 S.Ct. at page 1023. Accordingly, as was done in Johnson, the case must be remanded to the District Court for determination of this issue. That court should determine the weight to be given petitioner's statement that he did not waive; it should determine the probative value of the judgments and commitments which omit the required statement that petitioner, at the time of sentencing, either had counsel or waived counsel. In short, while petitioner must bear the burden of proof, the court should consider all "the particular facts and circumstances" surrounding the case. Johnson v. Zerbst, supra, 304 U.S. at page 464, 58 S.Ct. at page 1023.

If the District Court finds that petitioner in fact waived his right to counsel at the time of sentencing, the motion to vacate should be denied. If it finds that there was no such waiver, and that detriment resulted,[2] the motion should be granted. But this does not mean that petitioner must be released or given a new trial. As constitutional standards were met at the time his plea of guilty was entered, he has no reason to complain of that part of the proceedings. If his motion to vacate sentence is granted, he should be brought before the trial court, accompanied by counsel, for the imposition of a new sentence, to be rendered after counsel has been given an opportunity to make all proper representations to the court. See Howell v. United States, 4 Cir., 172 F.2d 213, certiorari

---

2. Walton v. United States, D.C.Cir.1953, 202 F.2d 18.

848

denied, 1949, 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718; Martin v. United States, 5 Cir., 182 F.2d 225, 20 A.L.R.2d 1236, certiorari denied, 1950, 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647; Annotation, 20 A.L.R.2d 1240.

Remanded for further proceedings in conformity with this opinion.