**UNITED STATES v. ADERMAN.**
No. 10967.

United States Court of Appeals,
Seventh Circuit.
Jan. 18, 1954.

O. John Rogge, New York City, for appellant.

Timothy T. Cronin, U. S. Atty., Ellis J. Hughes, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant's conviction in 1950, after trial by the court without a jury, on an indictment in two counts based on 18 U.S.C. §§ 80 and 88, now 18 U.S.C. §§ 287 and 371, was sustained by this court in 191 F.2d 980. Within sixty days after the Supreme Court had denied certiorari, 342 U.S. 927, 72 S.Ct. 366, 96 L.Ed. 691, defendant filed in the District Court a motion under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C., seeking reduction of his sentence, claiming that he had been charged and convicted under the Sections quoted, which make the offense a felony, whereas he should have been sentenced under 38 U.S.C.A. §§ 694, 694a, 697 and 715, violation of which constitutes a misdemeanor. On August 8, 1952, the court, having concluded that defendant might have been prosecuted under either section, reduced the sentence to one befitting the commission of a misdemeanor. The original sentence upon Count 1 had been a fine of $5,000; this was reduced to $1,000. The sentence upon the second count had been probation for two years; this the court reduced to one year. Thus defendant received the benefit of any doubt that might arise as to whether he should have been sentenced as a felon or as one who had committed a misdemeanor.

On February 18, 1953 defendant filed still another motion, from the order upon which the present appeal is taken, asking that the court grant him a new trial on the ground of newly discovered evidence, under Rule 33 of the Criminal

Rules of Procedure. The basis of his claim was that he had lately discovered that one Potter, who had testified at the trial of the cause in 1950, was, at the time of the trial, mentally incompetent.

At the hearing on this motion the trial court commented that Potter had been a defendant in the original cause; that at the close of the government's testimony, the indictment had been dismissed as to him; that, as to all other defendants including the present appellant, the court had denied the motion for acquittal; that, at that time, Potter had not been called as a witness, but that, after denial of the motion for acquittal, as defendants proceeded with their testimony, Potter had been called as a witness by the two co-defendants of appellant, Mr. and Mrs. Pritzkow, and that, at the conclusion of all of the evidence, the judge had declared that he was concerned as to the character of the evidence submitted. Both the government and the defendants concede that this remark was directed to the testimony of Potter. At the same time, the court recalled, it had directed the United States Attorney to investigate fully whether perjury had been committed. Shortly thereafter, an indictment had been returned charging Potter with perjury. Upon Potter's attorneys' motion, the court had promptly caused an examination to be made as to his mental capacity. Two eminent alienists testified that in July, 1951, some eight or nine months subsequent to the trial of the original proceeding in which Potter had testified, he was incapable of rendering reliable testimony. Thereupon the indictment against Potter for perjury had been dismissed.

The defendant claims to have learned of the expert testimony as to Potter's mental condition only shortly before he filed his motion for a new trial. Upon the hearing on this motion the trial judge said, further, that he had felt at the close of the original trial that perjury had been committed; that he had called the United States Attorney's attention to the situation and that, having been convinced that Potter's testimony was not reliable, he had completely ignored it and had given it no credence whatever in arriving at his decision. He said expressly "I disregarded completely his testimony." Accordingly the motion for a new trial was denied and this appeal followed.

It is important, we think, to keep in mind that Potter was not called as a witness by the government; that, at the close of the government's evidence, the court denied the motion for acquittal and that Potter's testimony came into the case as a part of the defendants' evidence. The co-defendants, who were the daughter and son-in-law of Potter, called the latter in their behalf. He was presented as a witness at their behest only. The record discloses no motion by Aderman for a severance on the ground that he might be prejudiced by a conflict between his co-defendants and himself, if Potter's testimony came into the record against the government or against him. If that evidence was prejudicial, it was so because it tended to exonerate Potter's daughter and son-in-law and, perhaps, incidentally, to convict Aderman; yet Aderman made no attempt to protect his rights by making any move to advise the court that prejudice might accrue to him from the fact that Potter, in testifying for the co-defendants, might incriminate him.

We have examined at considerable length the original record, including the documentary and parol evidence, other than that of Potter, himself, and are of the opinion that this evidence, wholly aside from that of Potter, amply sustained denial of the motion for a directed verdict at the end of the government's evidence. In addition, the evidence was strengthened later by the admissions of defendant, himself, upon the witness stand. In view of the fact that the trial court did not believe Potter, did not rely upon his testimony and consequently directed an investigation as to his veracity and dependability; that the latter was not called as a government witness; that defendant made no move for severance or any suggestion of possible injury

when Potter was called by his co-defendants, we think the District Court was amply justified in denying the motion for new trial.

The case is to be distinguished from decisions reviewing denials of new trials by juries in that here we have a trial by the judge who has said expressly that the evidence complained of was completely disregarded by him. That this finding is correct is obvious from the fact that, before it was produced, the court had adjudged the government's evidence to be sufficient, and, after it was produced, caused to be instituted an investigation of the witness' lack of reliability resulting in his indictment for perjury.

The judgment is

Affirmed.