**UNITED STATES of America**
**v.**
**Louis B. ADERMAN.**
**No. 11211.**

United States Court of Appeals
Seventh Circuit.
Nov. 5, 1954.

Louis B. Aderman, Milwaukee, Wis., for appellant.

Ellis J. Hughes, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before MAJOR, LINDLEY, and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is from a denial by the United States District Court for the Eastern District of Wisconsin of defendant's motion, brought in the nature of a writ of error *coram nobis,* to void a judgment of conviction and sentence entered in the same court. The propriety of the action is sought to be sustained on authority of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, which held that under certain circumstances, the validity of a conviction and sentence may be tested, in the court where entered, by a motion such as was made by the defendant in the instant matter.

Defendant was convicted in a trial by the court without a jury on a two-count indictment, the former charging a violation of Sec. 88, Title 18 U.S.C. (1946 ed.),[1] and the latter of Sec. 80 of the same Title.[2] Upon appeal to this court, the judgment was affirmed. United States v. Aderman, 7 Cir., 191 F.2d 980. The charges made in each count of the indictment are set forth in that opinion at page 982. As to the proof relied upon to sustain the judgment, this court stated at page 982:

> "While the record in this case discloses considerable controversy over many of the details of the transaction here involved, there appears to be no dispute as to the essential facts, and the only question so far as the evidence is concerned is

1. Now 18 U.S.C.A. § 371.

2. Now 18 U.S.C.A. §§ 287, 1001.

whether it supports the court's finding of guilt."

We then set forth in considerable detail a statement of the evidence (commencing on page 982), reference to which is made in order to avoid repetition. We held that the facts disclosed supported the judgment.

Subsequent to denial of certiorari by the Supreme Court, 342 U.S. 927, 72 S.Ct. 366, 96 L.Ed. 691, defendant filed in the District Court a motion to reduce sentence, contending that the court had sentenced him under the wrong provisions of the statute, which contention was in part sustained. Thereafter, on February 18, 1953, defendant filed a motion for a new trial on the ground of newly discovered evidence under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C. The District Court denied this motion and, upon appeal, this court affirmed. United States v. Aderman, 7 Cir., 209 F.2d 777. In doing so, we stated at page 778:

"We have examined at considerable length the original record, including the documentary and parol evidence, \* \* \* and are of the opinion that this evidence, \* \* \* amply sustained denial of the motion for a directed verdict at the end of the government's evidence. In addition, the evidence was strengthened later by the admissions of defendant, himself, upon the witness stand."

Defendant contends that the judgment and conviction were void because of a denial of due process of law resulting from the failure of the prosecutor (an Assistant United States District Attorney) to inform the District Court that the substantive offense charged against defendant contained the specific elements, (1) that the defendant had knowledge that a false certificate was to be used, (2) that the defendant had knowledge that such certificate contained a fraudulent or fictitious statement or entry and (3) that the prosecutor ignored the essential element of knowledge but tried the case and obtained the conviction on the theory that the offenses were established by proof that the defendant caused the certificate to be used by a trick, scheme or device.

Defendant, in connection with his motion, submitted a transcript of the proceedings of the trial, containing 720 pages, for the purpose, so he asserts, of demonstrating that there was no proof of the essential element of knowledge relative to the issuance or use of the certificate. In connection therewith, defendant in his brief asserts:

"The transcript of proceedings of the trial itself proves that Mr. Hughes as prosecutor contended that the appellant [defendant] was guilty of the alleged substantive offense of causing a false certificate by a trick, scheme or device. In convincing the District Court that the appellant was guilty of the alleged substantive offense of causing a false certificate by a trick, scheme or device, Mr. Hughes ignored the rule that penal statutes must be strictly construed."

As a result of this alleged erroneous position assumed by the prosecutor, defendant in his brief states:

"The presentation of an irrelevant mistaken issue by the prosecutor and the admission of evidence in support of that issue caused the appellant to have an unfair trial and thereby there was a violation of the due process clause of the Fifth Amendment to the United States Constitution."

Concerning this asserted "mistaken issue," defendant in his brief states:

"\* \* \* neither the District Court nor the counsel for the appellant [defendant] questioned the issue as presented and argued by the prosecutor \* \* \*. That it occurred to no one to doubt the prosecutor's construction of the penal offense at issue is evident from the nature of appellant's defense at the

trial in which he consistently maintained good faith and complete lack of criminal intent."

Defendant in his original trial and in both former appeals to this court was represented by eminent counsel of his own choosing. On the instant occasion he appears as attorney *pro se*. Defendant ignores the fact, at any rate no mention is made of it, that the transcript of the original proceedings which he now seeks to utilize in support of his motion has twice been reviewed by this court, resulting in a decision in one case that the evidence was sufficient to support the judgment of conviction and, in the other, that it was sufficient to justify the trial court's denial of a motion for a new trial. The present position of the defendant simmers down to nothing more than that there was a variance between the proof and the allegations of the indictment occasioned by an alleged misinterpretation of the law by the prosecutor, which deceived the trial court as well as defendant's own eminent counsel. Consistency would justify the assertion, which is not made, that this court for the same reason has been deceived on two occasions.

No good purpose could be served in a detailed analysis of the reasoning in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, upon which defendant relies. Whatever may be said or thought of that opinion, we think it is without application to the instant situation. There, it was held that the writ was employable to test the validity of a judgment wherein the defendant alleged that at the time of his conviction he was 19 years of age, without counsel, without knowledge of law and not advised as to his rights. In the course of its discussion, the court stated in 346 U.S. at page 511, 74 S.Ct. at page 252:

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."

It is a far cry from the facts of the Morgan case to those relied upon here, wherein the defendant, himself a lawyer, represented by able counsel, had the opportunity in the trial court and twice in this court to raise the issue now relied upon. A recognition of defendant's contention would demolish the time-honored rule that in every law suit the stage is reached where a judgment becomes final. If the defendant today is permitted to litigate the issue now sought to be injected, tomorrow he would be entitled to litigate some other issue, and there would be no end.

The order appealed from is Affirmed.