Edward Donald **MILLER,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7680.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1958.

Decided Oct. 21, 1958.

Charles W. Laughlin, Richmond, Va. (Court appointed counsel) for appellant.

William J. Waggoner, Asst. U. S. Atty., Charlotte, N. C. (J. M. Baley, Jr., U. S. Atty., Asheville, N. C., on brief) for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

PER CURIAM.

Appellant was convicted of the offense of transporting a stolen automobile in interstate commerce in violation of the Dyer Act, Title 18 U.S.C. § 2312. When the case was called (No. 922), in response to questions asked him by the court, appellant stated that he did not want an attorney appointed for him. He also signed a written statement as follows:

> "Edward Donald Miller, the above named defendant, having been furnished with a copy of the indictment or information, advised of the nature of the charge against him, and informed of his rights, appears in court without counsel and the Court having advised him of his right to counsel of his own selection or to be assigned by the Court, hereby, in open court, waives his right to representation by counsel and elects to proceed without counsel."

Thereafter appellant entered a plea of guilty and was given a sentence of three years which he is now serving at Atlanta. On February 7, 1958, he filed in the District Court a motion to "Vacate void Judgment of Conviction," pursuant to Title 28 U.S.C. § 2255. His motion raises one point, i. e., that a person renting an automobile and securing law-

ful possession, under no circumstances can be guilty of violation of the Dyer Act. After his plea of guilty was entered, a government witness was sworn and testified that appellant had rented a car from Avis Rent-A-Car System under a contract providing that the car was to be returned the following day; that the appellant then proceeded from Charlotte, N. C., to Cincinnati, Ohio, where he abandoned the car. He was arrested in New Orleans some 43 days after he had secured possession of the car. The District Court denied his motion and, upon appeal to this Court in forma pauperis, able counsel was appointed to represent him.

■■ We find no merit in his contention that the car could not be a "stolen" car, even though initially rented to him. It is well settled that the word "stolen" includes a felonious taking with intent to deprive the owner of the rights and benefits of ownership, regardless of how the party so taking the car may have originally come into possession of it. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; Boone v. United States, 4 Cir., 235 F.2d 939; Davilman v. United States, 6 Cir., 180 F.2d 284. Furthermore, the point raised goes to the sufficiency of the evidence which can not be challenged under Section 2255, Taylor v. United States, 4 Cir., 177 F.2d 194. See also Smith v. United States, 10 Cir., 205 F.2d 768, where the court held that the point raised here could not be properly considered under Section 2255.

Upon appeal appellant urges for the first time that he did not intelligently waive counsel. He does not deny that he was offered counsel, or that he refused appointment of counsel, but says that he was not told of his right to counsel.

■ Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish by a preponderance of evidence that he did not intelligently waive his right to assistance of counsel. Davis v. United States, 8 Cir., 226 F.2d 834; Mc-Nair v. United States, 98 U.S.App.D.C. 359, 235 F.2d 856, cert. den. 352 U.S. 989, 77 S.Ct. 389, 1 L.Ed.2d 368; McKinney v. United States, 93 U.S.App.D. C. 222, 208 F.2d 844; Hearn v. United States, 7 Cir., 194 F.2d 647, cert. den. 343 U.S. 968, 72 S.Ct. 1064, 96 L.Ed. 1364.

■ An essential part of appellant's burden of proof here is to show not only that he was not told of his right to counsel, but that he did not know of such right. Nowhere does appellant claim in the court below, or in this Court that he did not know of his right to assistance of counsel, or that if he had known of such right he would have accepted counsel offered to him. In the absence of any claim that he did not know of his right to assistance of counsel, the District Court would be justified in dismissing his petition without hearing. Petitioner has a long criminal record extending from 1948 to 1956, including convictions for forged checks, impersonation of an Army officer, and violations of the Dyer Act. Under the circumstances we can not say that appellant did not intelligently waive counsel. Cundiff v. Nicholson, 4 Cir., 107 F.2d 162. Furthermore, it is well established that matters not raised in the District Court can not be raised for the first time in the Court of Appeals. Middleton v. United States, 4 Cir., 249 F.2d 719. No allegation of any kind was made in the District Court that appellant did not intelligently waive counsel.

We think it important for the District Courts to see that each defendant is told, and that the record affirmatively shows that such defendant is told, he is entitled to the assistance of counsel, and that if he has no money with which to employ counsel the Court will appoint counsel for him. Where this is done, it may often obviate the necessity of having the prisoner brought back to the trial court for hearing on his claim that he did not intelligently waive counsel.

The judgment of the District Court is Affirmed.