Willie E. **DANIEL**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 15352–15354.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 14, 1959.

Decided Jan. 28, 1960.

Mr. William B. Bryant, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

## WASHINGTON, Circuit Judge.

 These cases arise under Section 2255 of Title 28 U.S.C. (1958). Appellant seeks to vacate sentences of imprisonment imposed on him by the District Court for convictions under three indictments. The sentence in one of these cases, following a trial, is not yet being served. Relief in that case is not available under Section 2255. See Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. Furthermore, considering the petition and the record in the light most favorable to petitioner, no basis appears for granting relief in habeas corpus or by motion comparable to coram nobis. See Moon v. United States, 1959, 106 U.S.App.D.C. 301, 272 F.2d 530. The principal allegation of the petition relative to this case is that appellant did not receive the effective assistance of counsel. The District Court held a hearing on this subject and found adversely to petitioner. We perceive no error in its determination.

 The sentences in the other two cases are now being served on a concurrent basis and resulted from pleas of guilty.[1] The appellant alleges that both pleas were the result of coercion and the giving of promises and that in one of the cases, No. 848–54, he did not effectively waive counsel. The District Court, after an extensive hearing on the allegations made by the appellant-petitioner, decided adversely to him on all points. We find no error affecting substantial rights, with this exception:

 When appellant was sentenced on Case No. 848–54, his counsel was not present. The formal judgment recites this, and further states: "The Court advised the defendant of his right to counsel and asked him whether he desired to have counsel present at the time of sentence, and the defendant replied that he did not." At the hearing under Section 2255, Daniel denied that this had happened. The judge stated that he had no actual recollection of the facts, but that he was certain that Daniel was informed of his right to have counsel present.[2] We do not regard this as an adequate treatment of the matter. The judge should have made an express finding as to whether or not Daniel knowingly and intelligently waived his right to counsel. In reaching his decision, the judge should weigh the credibility of the defendant's testimony; his age and education at the time of the alleged

---

1. The sentence in District Court Case No. 848–54 was for a term of imprisonment for a period of from five to fifteen years. Later, Daniel was sentenced in District Court Case No. 846–54, with counsel present, to a term of three to ten years, the sentence to run concurrently to that in No. 848–54.

2. The court's formal finding was:
 "6. Inasmuch as the court reporter's notes pertaining to the sentencing proceedings in Criminal Case No. 848–54 cannot be located, after an extremely thorough search, there is no transcript available to this Court with regard to the referred-to proceedings. However, a note appears on the judgment in that case to the effect that the defendant was

asked by the Court if he desired to have counsel present, whereupon the defendant replied that he did not. The judgment, which is the only record which we have in this case pertaining to the subject question, must be given its presumption of due regularity. This Court finds as a fact that the defendant *was* informed of his right to have counsel present at his sentencing; and this Court finds as a fact that this Court has never failed to ask a defendant if he has anything to say by way of mitigation before being sentenced and therefore this Court must conclude, in the absence of a transcript, that it *did* inquire of the defendant in that respect in this case." (Emphasis in original.)

waiver; the presumption of reliability attaching to the recital in the judgment; and the presumption against waiver of constitutional rights. See Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461; Farnsworth v. United States, 1956, 98 U.S.App.D.C. 59, 232 F.2d 59, 62 A.L.R.2d 423; Gadsden v. United States, 1955, 96 U.S.App.D.C. 162, 223 F.2d 627; McKinney v. United States, 1953, 93 U.S.App.D.C. 222, 208 F.2d 844. If substantial doubt exists in the judge's mind, after further consideration of the matter, he should set aside the sentence, though not the conviction. Daniel should then be brought before the court, "accompanied by counsel, for the imposition of a new sentence, to be rendered after counsel [as well as the prisoner] has been given an opportunity to make all proper representations to the court." McKinney v. United States, supra, 93 U.S.App.D.C. at page 225, 208 F.2d at page 847.

If the judge concludes, after further consideration, that the right to counsel at sentence was intelligently and knowingly waived, he may enter findings and an order to that effect. That order may then be brought before us by a new appeal, if counsel concludes that one is warranted.

The District Court's order, denying relief under Section 2255, will accordingly be affirmed in part, reversed in part, and the cause remanded for further proceedings in respect of the sentence imposed in Case No. 848–54 (our No. 15,-354).

So ordered.