**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John CAMPBELL, Defendant-Appellant.**

**No. 12898.**

United States Court of Appeals
Seventh Circuit.

May 25, 1960.

Court to vacate a judgment and sentence which that Court had imposed on February 3, 1956. The Court denied the petition without hearing. Thereafter, Campbell filed a verified amended petition to vacate the judgment of conviction, setting forth a colloquy between himself and the trial court at the time of the taking of his plea of guilty. The Court again denied the petition without requiring the Government to answer or otherwise plead.

Defendant had been indicted on September 20, 1955, for violation of the Federal Narcotics Laws. After the testimony of the Government's principal witness had been concluded, and after a noon recess, counsel for defendant stated he desired to withdraw the plea of not guilty and to plead guilty to Counts IV, V and VI. Thereupon the following colloquy occurred:

"The Court: Mr. Campbell, your lawyer, Mr. Gayles, who sat beside you, has indicated that you wish to have leave to withdraw your plea of not guilty previously entered to Counts IV, V and VI of this indictment. Of course, having heard the government witness, Mr. Young, the agent, testify, you now know fully the nature of the charge against you, do you not?

"Mr. Campbell: Yes, sir. But I also have something to say.

"The Court: I didn't invite this. I am doing this at the instance of your lawyer. It is my duty to find whether you feel you know about this charge. Do you?

"Mr. Campbell: I would like to explain—

"The Court: Do you know about it? I will give you full chance, after I act on your offer to plead guilty, to say anything you like. Right now, I want to be sure you understand the nature of the charge against you. Do you?

"Mr. Campbell: I do and I don't.

"The Court: Well, did you understand the testimony of the witness, Young?

Julius Lucius Echeles, Barry Goodman, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

On September 25, 1959, defendant Campbell filed a petition in the District

"Mr. Campbell: I understand the testimony of Mr. Young.

"The Court: You heard his testimony, is that right?

"Mr. Campbell: Yes, sir."

At this point the Court explained to the defendant as to the amount of sentence and fine that could be imposed upon each count. The Court then said:

" * * * I ask you, do you persist in your desire to have leave to withdraw your plea of not guilty and to substitute in its place and stead a plea of guilty?

"Mr. Campbell: Yes, sir.

"The Court: Mr. Clerk, let the record show that leave is given to the defendant, John Campbell, to withdraw his plea of not guilty, and to substitute in its place and stead a plea of guilty. Let there be a judgment of conviction on that plea with respect to Counts IV, V and VI of the indictment."

At this point the United States Attorney advised the Court that the defendant had no criminal record except a vagrancy charge in 1942 and a traffic charge in 1955, and the Court then asked Campbell if he desired to say something.

"Mr. Campbell: I would like to relate this as it actually happened, because all the facts Mr. Young said were not true.

"The Court: Go ahead. It is my obligation now to hear you fully under the law."

After some explanation by Campbell, the Court asked:

"You got some money, didn't you?

"Mr. Campbell: I did not get it in his presence, if I received any.

"The Court: I have got to take the plea of guilty. I don't care to argue with you. We were engaged in giving you a fair and impartial trial. You are represented by a very able criminal lawyer, who saw the light of day and decided to tell you to plead. I cannot argue with you after

a plea of guilty, whether or not you are guilty."

The petition and the amended petition herein stated:

■ "This petition is made pursuant to the provisions of § 2255, Title 28, United States Code." As Campbell was not then in custody, the petition could not be filed pursuant to § 2255 which provides, in part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released * * *." However, defendant argues the label to a petition is not important, and the District Court nonetheless had the power to vacate the judgment of conviction under authority of United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

The decision in Morgan was by a closely divided court. There the defendant had entered a plea of guilty to a federal charge and was sentenced to a term of imprisonment. Some years later, after completing his federal sentence, Morgan was convicted of an offense against the laws of the State of New York. Under New York's Multiple Offenders Law (New York Penal Law, McKinney's Consol.Laws, c. 40, § 1941), defendant was sentenced to a longer term as a second offender because of his prior federal conviction. He was still serving the state sentence at the time his petition was filed. The petition alleged that when defendant entered a plea of guilty in the federal court, he was of youthful age, was not represented by counsel, and had not waived his right to counsel. He also alleged that he had not been advised of his constitutional rights.

The Supreme Court held that no remedies were available to defendant in the New York courts, and that defendant's petition was sufficient to require the court to grant a hearing. The Court concluded that none of the modern remedies provided by the Judicial Code and the Federal Code and the Federal Rules of Criminal Procedure was available in a case where the term of defendant's sentence had been completed. It held that

the power to grant relief was in the nature of the ancient writ of *coram nobis,* and that such relief was authorized under the "all writs" section of the Judicial Code. 28 U.S.C. § 1651(a).

The Court, in Morgan, served notice that the principles announced therein should be narrowly construed, for the Court stated, 346 U.S. at page 511, 74 S.Ct. at page 252: "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."

The holding of the Court in Morgan is well stated by the dissenting opinion, 346 U.S. 502, 514, 74 S.Ct. 247, 254, as follows: "The Court now holds that the validity of a conviction by a federal court for a federal offense may be inquired into, long after the punishment imposed for such offense has been satisfied, by a 'motion in the nature of a writ of error *coram nobis*' whenever the federal conviction is taken into account by a state court in imposing sentence for a state crime. * * * "

■ When Campbell filed his petition in the case at bar, he was not imprisoned under a sentence based in whole or in part on his previous federal conviction. We do, however, take judicial notice of the records of this Court, and are aware there is now pending an appeal by John Campbell in No. 12903, wherein the same John Campbell was convicted of violating the narcotics laws of the United States. We are, of course, aware that a second conviction for violation of the narcotics laws may carry a greater penalty than a conviction of a first offender. The maximum possible sentence for a second offender under the indictment in No. 12903, was forty years and a $20,000 fine. However, the trial court imposed a sentence of fifteen years and a $10,000 fine which is well within the sentence permissible for a first conviction. 21 U.S.C.A. § 174.

This and other courts have refused to broaden the application of the rule an-

nounced in Morgan. In United States v. Aderman, 216 F.2d 564, 566, this Court, after citing the Morgan case, observed: "A recognition of defendant's contention would demolish the time-honored rule that in every law suit the stage is reached where a judgment becomes final. If the defendant today is permitted to litigate the issue now sought to be injected, tomorrow he would be entitled to litigate some other issue, and there would be no end."

The Court of Appeals for the Sixth Circuit, in Dunn v. United States, 238 F.2d 908, 911, said: "The Supreme Court we think clearly indicated in the Morgan case, supra, that not any and every story of circumstances alleged to exist dehors the record and concerning which defendant claims that his personal testimony is material entitles him to the writ *coram nobis.* The facts alleged must tend to establish the denial of 'the substance of a fair trial.' "

■ In the case at bar, we hold that Campbell's petition does not state with particularity sufficient facts to necessitate a hearing by the District Court.

■ A further ground for affirming the action of the District Court is that the record affirmatively demonstrates that defendant voluntarily pleaded guilty with a full understanding of the nature of the charges against him.

Campbell had listened to the testimony of Young, the Government's principal witness, who was a Federal Narcotics Agent. Young positively linked Campbell with the handling of two packages of a narcotic drug. Young related Campbell's statement to a co-defendant who had received $350 for the drug: "Well, count it again, I don't want to be short, it is probably all there. Count it again." If the Court believed the testimony of Young, a finding of guilty was almost certain to follow. Furthermore, in the subsequent discussion with the Court where he found some fault with Young's testimony, defendant impliedly admitted the truth of much of Young's testimony.

It is true that in answer to the Court's question as to whether he understood the nature of the charges against him, he said: "I do and I don't." It would have been better practice for the District Court to have explored such an answer then and there. However, viewing the colloquy as a whole, it is clear that defendant did understand the nature of the charge.

At one point, in answer to the Court's inquiry whether he knew the nature of the charges against him, he answered: "Yes, sir." But then added: "But I also have something to say." At another point the Court asked the defendant if he persisted in his desire for leave to withdraw his plea of not guilty and to substitute a plea of guilty, and his answer was an unequivocal "Yes, sir."

The order of the District Court is

Affirmed.