**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph R. HOLMES, Defendant-Appellant.**

**No. 14643.**

United States Court of Appeals
Seventh Circuit.

Dec. 23, 1964.

Chester A. Lizak, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Frederick E. McLendon, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Defendant, Joseph R. Holmes, has appealed his conviction in a bench trial of selling narcotics in violation of Title 26 U.S.C. § 4705(a) and of receiving, concealing, buying, selling and facilitating the transportation, concealment and sale of narcotics in violation of Title 21 U.S.C. § 174. The Trial Judge imposed a sentence of six years on each of the two counts to run concurrently.

The record discloses, *inter alia*, that after a conversation relative to purchase of narcotics between Agent Donald W. Tucker and Emerson Williamson, the latter took Agent Tucker on a search for his "connection." When defendant was seen approaching Emerson Williamson, he identified him as his connection, "Rick." After a conversation between the defendant and Emerson Williamson, the latter told Agent Tucker that the "deal" was set, and promised defendant that he and Agent Tucker would return. They did return after Agent Tucker secured some money from the U. S. Government. They picked up defendant who directed them to drive to several locations one after the other. Of one, he said, "The man I am copping from owns that station," and went in. He came back saying, "We just missed my man." At another place, he said, "My man owns a joint, or a tavern at that location," but after walking around the corner, he came back with the comment, "We just missed him again." When Agent Tucker asked defendant about the quality of the narcotics, the defendant told him it was very good: "the same stuff" as he got on the street and that he sold from two to three "spoons" per day. Defendant in his testimony denied that he made those state-

ments, presenting an issue of credibility for the Trial Judge.

At the last location to which he directed them, the defendant asked for $80 to purchase narcotics and received official government funds from Agent Tucker. Defendant himself testified that he received the funds from Williamson. After twenty minutes he came back and handed Emerson Williamson a package with the remark, "Here is the stuff." The package was subsequently passed to Agent Tucker in the defendant's presence. In a statement made by the defendant after his arrest, and admitted into evidence at his trial, he admitted that he had directed Agent Tucker and Williamson to the various different locations to make them think that he was looking for his "connection." He also stated at the trial that he acquired the narcotics from a "Mr. Foots," whom he previously knew.

Defendant contends that the evidence shows him to have acted merely as procuring agent and not as a seller and that there was a fatal variance between the indictment charging a sale to Agent Tucker and the evidence which he feels shows only a sale to Williamson.

■■ However, we need not decide these issues because there is no question in our minds that defendant was properly found guilty of violating Title 21 U.S.C. § 174 as set out in Count II of the indictment, which did not need to contain the name of a purchaser. Jackson v. U. S., 8 Cir., 1963, 325 F.2d 477, 478; Robison v. U. S., 9 Cir., 1964, 329 F.2d 156, 157. Contrary to the argument of defendant, the Trial Judge could on this record have found defendant guilty of receiving, concealing, and facilitating the transportation, concealment and sale of narcotics. Washington v. U. S., 5 Cir., 1960, 275 F.2d 687, 690, in which Coronado v. U. S., 5 Cir., 1959, 266 F.2d 719, 720, is cited with approval.

■ The sentences were concurrent and even if we concluded, as we do not, that the evidence did not support conviction of an illegal sale under Count I, the conviction must be affirmed. Hirabaya-

shi v. U. S., 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

The judgment of the District Court is affirmed.

Affirmed.