**Richard Oliver CAIN, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 17639.**

United States Court of Appeals
Eighth Circuit.

Aug. 31, 1965.

Richard Oliver Cain, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., filed brief for appellee with Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo.

Before JOHNSEN, MATTHES, and RIDGE, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal is from the denial of a motion to vacate sentence under 28 U.S. C.A. § 2255.

Appellant is under seven sentences for narcotics laws violations. The offenses had been charged in four counts of one information and three counts of another, and appellant had pleaded guilty to each of the charges. The first three sentences imposed were consecutive ones, for terms of ten years, five years, and five years, re-

spectively, or a total of twenty years. The other four sentences were for terms of five years each and were made to run concurrently with the consecutive ones and with each other.

The motion to vacate was directed at the first and the third of the consecutive sentences and the third of the concurrent ones.

The first of the consecutive sentences involved a charge of selling 123 grains of heroin in violation of 26 U.S.C. § 4705(a). The attack made upon it was that the information did not set out the name of the purchaser, and that this was such a fatal defect as to leave no offense charged and so to make the information incapable of supporting the conviction and sentence against appellant. This contention is predicated on the holding of Lauer v. United States, 320 F.2d 187 (7 Cir. 1963), that it is necessary to the validity of a charge of unlawful sale of narcotics under 26 U.S.C. § 4705(a) for the indictment or information to set out the name of the purchaser.

We have, however, refused to follow Lauer and have consistently held to the contrary, that naming of the purchaser is not an essential element of a charge of unlawful sale of narcotics, so as to make an indictment or information in which the name is not set out fatally defective and thus incapable of supporting a conviction. Jackson v. United States, 325 F.2d 477 (8 Cir. 1963); Taylor v. United States, 332 F.2d 918 (8 Cir. 1964); Adams v. United States, 333 F.2d 766 (8 Cir. 1964); Pellom v. United States, 333 F.2d 766 (8 Cir. 1964); Moore v. United States, 337 F.2d 350 (8 Cir. 1964); Lewis v. United States, 340 F.2d 678 (8 Cir. 1965).

The other Circuits which have had occasion to deal with the question have taken a similar view. See Clay v. United States, 326 F.2d 196 (10 Cir. 1963); Robison v. United States, 329 F.2d 156 (9 Cir. 1964); Bush v. United States, 338 F.2d 400 (9 Cir. 1964); United States v. Dickerson, 337 F.2d 343 (6 Cir. 1964); Borroto v. United States, 338 F.2d 60 (5 Cir. 1964); Firo v. United States, 340 F.2d 597 (5 Cir. 1965).

In fact, a panel of the Seventh Circuit has taken note of the general criticism which has been made of the Lauer decision, but felt itself constrained to declare, under the Court's stare decisis policy, that "this decision is the law of this Circuit unless and until this Court (presumably sitting en banc) would determine otherwise or unless higher authority might so determine". Powell v. United States, 338 F.2d 556, 557 (7 Cir. 1964).

The Powell opinion went on, however, to accord only the narrowest stare decisis adherence to Lauer, stating that "Our decision in Lauer should be limited strictly to indictments brought under Title 26, § 4705(a)". Thus, application of the Lauer holding was refused to be made in Powell to a charge of unlawful sale under 26 U.S.C. § 4704(a), and in United States v. Holmes, 340 F.2d 23, 24 (7 Cir. 1964) to a charge of unlawful sale under 21 U.S.C. § 174. Our decisions have applied the same rule to all three of these statutes.

The second sentence attacked involved a charge of unlawfully receiving and concealing heroin in violation of 21 U.S.C. § 174. Section 174 constitutes as an offense a receiving or concealing on the part of anyone of "any * * * narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law". Here, the information had charged that appellant "did unlawfully, wilfully, knowingly and feloniously receive and conceal * * * 123 grains * * * of heroin hydrochloride, after said heroin hydrochloride had been imported and brought into the United States contrary to the laws of the United States; In violation of Section 174, Title 21, United States Code".

The contention made is that the failure of the information to include the language of the statute, "knowing the same to have been imported or brought into the United States contrary to law", or

otherwise to expressly allege that appellant had knowledge that the heroin had been unlawfully imported, caused it to be fatally defective so as not to charge an offense and hence not to be capable of affording the basis for a conviction.

United States v. Calhoun, 257 F.2d 673 (7 Cir. 1958) and Robinson v. United States, 263 F.2d 911 (10 Cir. 1959) support appellant's contention. Stein v. United States, 313 F.2d 518, 521 (9 Cir. 1962) however, has disagreed with the view of those cases. And Palomino v. United States, 318 F.2d 613 (9 Cir. 1963) has made reiteration of the Ninth Circuit's refusal to follow the holding of Calhoun and Robinson.

Palomino declared (p. 615) that the lack of specific allegation that the defendant had knowledge of the illegal importation did not make the indictment in that case so defective as to leave the conviction subject to collateral attack, because the conspiracy to receive and conceal charged against the defendant had been alleged to be "in violation of section 174", and this was a "necessary inclusion of that element".

The opinion added (p. 616): "It is the general rule that an indictment, not questioned at trial or on direct appeal, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. * * * We do not believe that * * * the instant indictment is defective in this sense. All of the essential elements were either alleged or are necessarily to be implied from what was alleged".

■ This is in harmony with the view expressed by us in Keto v. United States, 189 F.2d 247, 251 (8 Cir. 1951), and in subsequent cases which need not here be enumerated, that the sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of "large importance", that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction.

On the language used in the information before us, even more fully than in Palomino, would the question of appellant's knowledge of the illegal importation of the narcotics seem to be a necessarily implied element of the charge made against him and in the plea of guilty made by him thereto. Not only did the information allege, as in Palomino, that the offense of receiving and concealing involved was one that was "in violation of Section 174, Title 21, United States Code", but the heroin was described as having been illegally imported and appellant's receiving and concealing thereof was defined as having been unlawfully, wilfully, knowingly, and feloniously" done.

Both on his arraignment and on his sentencing, appellant had been represented by appointed counsel, and no contention is made that he did not understand that heroin of illegal importation was involved, or that he did not intend to admit that such illegally imported heroin had been wilfully, knowingly and feloniously received and concealed in violation of § 174. The effect of his argument is simply that, as a matter of due process, what these conclusory allegations implied could not at all be permitted to afford the basis for a conviction against him, and that without an express allegation that he knew the heroin had been illegally imported, there could exist no jurisdiction for a judgment.

■ If appellant had gone to trial on the information and the court had submitted the question of his knowledge of illegal importation to the jury, under the provision of § 174 that shown possession of a narcotic drug "shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury", and if the jury had returned a verdict of guilty, thus finding appellant to have had such knowledge, it does not seem to us that there could be said to exist such

constitutional infirmity as to require, in fairness or in protection, that it have collateral survival. Appellant's plea of guilty leaves him in the same position as if there had been a trial and jury verdict.

Beyond this, however, even if the information had been so defective as not to be able to provide a basis for a judgment of conviction, this would not entitle appellant to the § 2255 relief which he is seeking against the sentence here being considered. As indicated above, the sentence was consecutive to one of ten years and to another of five, or a preceding term of fifteen years. That term had not yet been served, since the sentences were imposed in 1957. Thus, appellant is not yet in custody on the sentence being attacked.

A motion under § 2255 is not available to attack a sentence which a prisoner has not yet commenced to serve. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). Such a motion can be used only to have the restraint lifted of a sentence on which he is then in custody. Azzone v. United States, 341 F.2d 417 (8 Cir. 1965); Perry v. United States, 314 F.2d 52 (8 Cir. 1963); Gilinsky v. United States, 335 F.2d 914 (9 Cir. 1965); United States v. Campbell, 278 F.2d 916 (7 Cir. 1960); United States v. McGann, 245 F.2d 670 (2 Cir. 1957); Daniel v. United States, 107 U.S.App.D.C. 110, 274 F.2d 768 (1960).

As to the third sentence attacked, only a brief comment is necessary. It, like the one just discussed, was for the offense of receiving and concealing heroin in violation of 21 U.S.C. § 174. It involved a similar information. What has been said above as to the sufficiency of the information for purposes of collateral attack is therefore applicable to it. And again, even if the information had been fatally defective, a motion under § 2255 would not be available against it because appellant was not in custody under it. It was for a term of five years, was made to run concurrently with the first con-

secutive sentence, and has now been entirely served. Thus, appellant is not in custody under it.

The denial of the motion to vacate sentence is affirmed.