**Ismael MADE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 04–2407 (JAG).**

United States District Court, D. Puerto Rico.

March 3, 2008.

Ismael Made, Forth Worth, TX, pro se.

Nelson J. Perez–Sosa, U.S. Attorneys' Office, District of Puerto Rico, San Juan, PR, for Respondent.

## OPINION AND ORDER

JAY A. GARCÍA–GREGORY, District Judge.

Petitioner Ismael Made (hereinafter, "Petitioner" or "Petitioner Made") was sentenced to forty-six (46) months, on December 3, 2003, after pleading guilty to conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine and one (1) kilogram of heroin, a conspiracy which extended from no later than December 2000 to on or about December 2001. He also pled guilty to a One Count Information charging conspiracy to possess with intent to distribute more than five kilograms of cocaine, a conspiracy which extended from no later than Sep-

tember 1999 to December 1999. Petitioner did not appeal. He has now filed a motion to vacate that sentence and the underlying guilty plea, pursuant to 28 U.S.C. § 2255, on the ground that his attorney had assured him that he would be sentenced to eighteen (18) months and that, instead, the Court imposed an imprisonment term of forty-six (46) months, and that counsel was ineffective in not filing a direct appeal. The record makes clear, however, that the Petition is totally lacking in merit, does not require a hearing, and is hereby DENIED.

## I. BACKGROUND

On August 28, 2002, a Federal Grand Jury returned a Two–Count Superseding Indictment charging fourteen (14) defendants. Among the defendants was Petitioner Made who was charged with a conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine and one (1) kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The time-frame in which this conspiracy was operative was from no later than December 2000, through on or about December 2001. Petitioner Made was also the subject of a One (1) Count Information filed on May 30, 2003. Crim. No. 03–147 (JAG), D.E. # 173. The Information charged a conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine, in violation of 21 U.S.C. § 846. The charged conspiracy began not later than September 1999, through December 1999.

On May 30, 2003, Petitioner pleaded guilty as to Count One of the Superseding Indictment and to the One Count Information under Fed.R.Crim.P. 11(c)(1)(B). Crim. No. 01–750 (JAG), D.E. # 414; Crim. No. 03–147 (JAG), D.E. # 5.

Under the plea agreement, the parties stipulated that the offenses would be grouped together pursuant to U.S.S.G. § 3D1.2(d). The parties also agreed that, for criminal history purposes, the guilty pleas would be treated as simultaneous convictions. Additionally, the parties agreed that Petitioner was to be held accountable for possessing with intent to distribute more than five (5) kilograms of cocaine as to each of the two conspiracies. But since the Government acknowledged that Petitioner Made was a minor participant, a base offense level of thirty (30) was stipulated under the provisions of U.S.S.G. § 2D1.3(a)(3). The parties also stipulated a two point minor-role reduction under U.S.S.G. § 3B1.2, and the Government agreed to recommend a three-level sentencing reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of twenty-five (25). Petitioner Made agreed to no further adjustments. There was no stipulation as to Made's Criminal History Category. However, if Petitioner Made qualified for safety valve, he would be entitled to a further two-level reduction. Thereafter, the Government and the Petitioner agreed that Petitioner Made satisfied the requirements for a two-level reduction under the safety valve provision. U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2. This reduction resulted in a total offense level of 23. Because it was undisputed that Petitioner Made was in criminal history category I, the resulting sentencing range was 46–57 months. In other words, the safety valve allowed Petitioner Made to avoid the 10–year minimum sentence.

On November 20, 2003, Petitioner was sentenced to the lower end of the guidelines, that is, forty-six (46) months of imprisonment, a supervised release term of five (5) years as to each count to be served concurrently, and a special monetary assessment of $200.00. Crim. No. 01–750 (JAG), D.E. 563. Judgment was entered on December 3, 2003. Crim. No., 01–750 (JAG), D.E. # 567. Petitioner did not ap-

peal the judgment. On December 23, 2004, Petitioner Made filed the present motion for relief under 28 U.S.C. 2255.

## II. DISCUSSION

### A. Analysis of Petitioner's § 2255 Claims

Petitioner raises two set of claims in his § 2255 motion: First, a violation of his Sixth Amendment right to counsel because, according to his new version, had he known the term of imprisonment to be imposed, he would not have pled guilty. He claims that he received misrepresentations from counsel that if he pled guilty he would be sentenced to a term of imprisonment of eighteen (18) months. Second, he claims that counsel failed to appeal after he had requested counsel to do so.

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

■ A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

■ In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case. Accordingly, based on the circumstances of this case, the Court finds no hearing necessary to address Petitioner's § 2255 motion.

### B. Ineffective Assistance of Counsel

■ Petitioner Made alleges that he received ineffective assistance of counsel. The standard of review for an ineffective assistance of counsel claim in a § 2255 motion is different than the standard for other constitutional claims. The *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) "cause and actual prejudice" test does not apply because, as numerous courts have noted, ineffective assistance of counsel is an issue which "is more properly raised in a § 2255 habeas motion for collateral relief," and thus should not be raised on direct appeal. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir.1991); *see United States v. Lurz*, 666 F.2d 69, 78 (4th Cir.1981); *United States v. Fisher*, 477 F.2d 300, 302 (4th Cir.1973). One who raises an ineffective assistance claim for the first time in a § 2255 motion does not have to pass muster under *Frady*, but need only satisfy the less stringent two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, defendant must show that counsel did not provide "reasonably effective assistance." *Id.* at 687, 104 S.Ct. 2052. In other words, to show deficient performance, the defendant must prove that counsel's advice was not " 'within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Second, "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. To demonstrate prejudice, the defendant must prove that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Failure to meet either prong de-

feats a defendant's ineffective assistance of counsel claim. *Id.* at 700, 104 S.Ct. 2052. The Court need not address both components of the test if the defendant makes an insufficient showing on one part of the test. *Id.* at 697, 104 S.Ct. 2052.

1.- Petitioner was fully apprised of the nature of the potential sentence he faced.

 On May 30, 2003, Petitioner Made appeared before the Magistrate Judge, along with his attorney, and tendered his guilty plea to Count One of the Superseding Indictment, and to the One Count Information. At that time, the Court engaged Petitioner in its standard, lengthy colloquy to ensure that his guilty plea was being tendered knowingly, intelligently, and voluntarily. Petitioner, under oath, acknowledged the terms of his plea agreement, acknowledged his guilty plea was knowing and voluntary and a result of consultation with counsel; acknowledged that he was satisfied with the services of his attorney, and acknowledged that he understood and agreed to the terms of the Plea Agreement.

In the present case, the record from Petitioner's Change of Plea Hearing clearly dispels his claim that his plea was involuntary or unknowingly taken. The Court advised Petitioner Made as to the specific nature of the charges in a detailed plea allocution. First, Petitioner admitted the facts as stated by the prosecution. C.O.P. Tr. pp. 2–4. The counts to which Petitioner pled guilty were read in court and included the elements of each crime. C.O.P. Tr. pp. 2–4. To each count he stated that he wished to plead guilty. C.O.P. Tr. P. 2–4. Petitioner stated that he wished to plead guilty. C.O.P. Tr. p. 24. Petitioner stated several times at his Change of Plea hearing that he had discussed his plea and its consequences with his attorney. C.O.P. Tr. p. 28. Petitioner was fully apprised of the nature of the potential sentence he faced. C.O.P. Tr. p. 19. The Court inquired of Petitioner at the taking of the plea if anyone had forced him in any way to cause him to enter the plea. C.O.P. Tr. pp. 29, 35. He indicated in the negative. C.O.P. Tr. pp. 29, 35–36. He also indicated that no one had made any promises to him to cause him to enter the plea other than those in the written agreement. C.O.P. Tr. p. 29.

It appears obvious to this Court that Petitioner Made's suggestion that he expected to be sentenced to a term of imprisonment of eighteen (18) months is unfounded. Petitioner's own words contradict the position he has taken in the instant motion and he has therefore failed to establish that he did not plead guilty knowingly and voluntarily.

THE MAGISTRATE: Sir, let me ask you this, what is the penalty to which you are exposed for the offense charged in the conspiracy where Mr. Delgado–Hernández is involved, where you are being charged for the illegal possession of more than one (1) kilo of heroin and more than five (5) kilos of cocaine?

MR. MADE: From ten (10) to life.

THE MAGISTRATE: And that is the same penalty to which you are exposed for the conspiracy with Mr. Cristobal García, correct?

MR. MADE: Yes.

C.O.P. Tr., p. 19.

Contrary to Petitioner's claim that he pled guilty in reliance on a promise made by his counsel that he would not face a sentence of over eighteen (18) months, Petitioner affirmed to the Court, that he was not pleading guilty under any threat or in reliance on any understanding or promises other than the written plea agreement. Further, Petitioner knew that in order to be sentenced without regard to the ten (10) year statutory minimum, Petitioner had to meet the five criteria enumerated

under U.S.S.G. § 5C1.2, commonly known as the safety valve. He understood that if he failed to meet the safety valve requirement, he would be sentenced to the statutory minimum term of imprisonment of ten (10) years. Thus, whatever reasonable hope Petitioner may have had that his willingness to cooperate would lead to a reduced sentence, Petitioner's answers at his plea proceeding show that he understood that no guarantee had been made to this effect.

THE MAGISTRATE: However, what I want you to realize is that if you do not comply with these five (5) requirements and if you do not get the extra two (2) points, the judge may not sentence you below the mandatory minimum of ten (10) years?

MR. MADE: I understand.

C.O.P., Tr., p. 27.

Counsel worked out a rather remarkable plea agreement for Petitioner. The parties stipulated that Petitioner's minor participation in the offense entitled him to a two (2) level reduction under U.S.S.G. § 3B1.2 and also agreed to recommend a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Further, should Petitioner comply with the safety valve provision of U.S.S.G. § 5C1.2, Petitioner would be entitled to an additional two level reduction to the offense base level. The Government agreed not to oppose a sentence at the lower end of the applicable guideline imprisonment range. Thus, Petitioner received the substantial benefits of the Plea Agreement. Having received those benefits, he now seeks to have the guideline computations, to which he expressly stipulated, thrown out. The Court finds Petitioner's position problematic, and against the intention and spirit of the Plea Agreement. The Court is hard-pressed to find that these facts even remotely suggest that counsel breached the standard of care he owed to Petitioner.

2.- Appeal

Petitioner claims that his counsel was ineffective inasmuch as he was instructed to file an appeal and his counsel failed to do so.

■■■ The U.S. Supreme Court has determined that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Moreover, a defendant who instructs counsel to perfect an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit. *Id.*, at 485, 120 S.Ct. 1029. In other words, if the Petitioner can show that he instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the Petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors he would have chosen to appeal.

■■■ Here, Petitioner Made cannot make this showing. Although Petitioner alleges that counsel refused to file an appeal, this scant allegation is legally insufficient to create a triable issue of fact when viewed in conjunction with other facts in the record. The record shows that Petitioner was fully aware of his right to appeal. Evidence of this is the fact that the sentencing court apprised Petitioner of his right to file an appeal within ten (10) days. Sent. Tr. p. 9. Nonetheless, Petitioner opted to waive his right to appeal. Furthermore, Petitioner has made no showing that he instructed counsel to file a direct appeal to his conviction. He has not submitted any correspondence showing that he inquired of counsel about his supposed interest in appealing. Actually, Petitioner waited over a year after the entry of his judgment before he filed the instant ac-

tion. This suggests that the idea of appealing was not considered within the time-frame provided for it. Here, counsel properly "consulted" with Petitioner and followed his direction not to appeal. Counsel did not render ineffective assistance. This claim is dismissed.

## III. CONCLUSION

Petitioner has the burden to establish ineffective assistance of counsel. He has not sustained this burden. There is nothing to show that his counsel's performance was deficient. There was nothing to show that he made errors so serious that he was not performing as the counsel guaranteed petitioner by the Sixth Amendment. There is nothing to show that if counsel committed errors, they were so serious as to prevent him from having a fair proceeding. Accordingly, Petitioner's request is denied.

For the reasons stated, the Court concludes that Petitioner Made is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner Ismael Made's request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1) is DENIED, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.