**UNITED STATES of America,**

v.

**Valentin ASTACIO, Defendant.**

**No. CIV. 2:98cv206.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 31, 1998.

---

Kevin M. Comstock, Assistant United States Attorney, Norfolk, VA, for U.S.

Valentin Astacio, White Deer, PA, pro se.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, defendant's motion is DENIED.

### I. Factual and Procedural History

On June 19, 1996, a federal grand jury returned a ten-count indictment against defendant Valentin Astacio ("Astacio") and several others. Defendant pleaded guilty to conspiracy to possess and distribute with intent to distribute marijuana (count 1) on November 6, 1996, and entered into a plea agreement with the United States. As stated in the plea agreement,

> [t]he defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. *The defendant also knowingly waives the right to challenge the conviction or sentence or the manner in which it was determined, in any collateral attack, including a motion brought under Title 28, United States Code, Section 2255.*

Plea Agr., June 25, 1996, at 2–3 ¶ 4 (emphasis added). On February 4, 1997, the court sentenced defendant to seventy months of imprisonment, followed by five years of supervised release, unless deported prior to the expiration of the five years.

Defendant filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on February 12, 1998, making various claims of ineffective assistance of counsel.[1] On April 14, 1998, the

---

1. Specifically, defendant's § 2255 motion alleged that "counsel for the petitioner did not advise the petitioner of his absolute right to appeal the district court's sentence.... [and] Guideline de- partures, available to the petitioner, were not all raised, by petitioner's counsel, during the sentencing hearing." Def.'s § 2255 Motion at 5.

government filed a response to the § 2255 motion. On May 6, 1998, defendant filed a motion to extend time to reply to the government's response to the § 2255 motion. Defendant filed a reply to the government's response to the § 2255 motion on June 1, 1998. The matter is now ripe for determination.

## II. Standard of Review

Defendant proceeds under 28 U.S.C. § 2255, which provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* Further, if the motion is brought before the sentencing judge, the judge may rely on recollections of previous events to dismiss the motion. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The court has thoroughly reviewed the motions, files, and records in this case. Based on the circumstances of this case, the court finds no hearing necessary to address defendant's § 2255 motion.

## III. Analysis

### A. Validity of defendant's § 2255 waiver

Before turning to the merits of defendant's § 2255 petition, the court notes that its review of defendant's claims is circumscribed by the fact that defendant pleaded guilty to count 1 of the indictment. Plea bargains are contractual in nature and are therefore measured by contract law. *United*

*States v. Kuhl*, 816 F.Supp. 623, 626 (S.D.Cal. 1993). "[T]he negotiated plea represents a bargained-for quid pro quo." *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992). Courts have held that a plea agreement clause waiving a defendant's right to appeal is a bargained for element of the agreement. *See, e.g., United States v. Gonzalez*, 981 F.2d 1037 (9th Cir.1992). Under a plea agreement, a defendant receives the benefit of a favorable sentence that he otherwise might not have received, as, for example, where the government agrees to dismiss certain charges brought against defendant. The government, in turn, receives the benefit of efficiently disposing of the case. For this reason, courts, including the Fourth Circuit Court of Appeals, have consistently held that provisions in plea agreements waiving defendants' rights to appeal are valid and enforceable, as long as the waivers are knowing and voluntary. *See, e.g., United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992); *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991). However, the Fourth Circuit has held that a defendant cannot waive his right to bring certain claims on direct appeal, namely those involving ineffective assistance of counsel after entry of a guilty plea. *United States v. Attar*, 38 F.3d 727, 732–33 (4th Cir.1994).

Although the Fourth Circuit has not ruled on the validity of a § 2255 waiver, the courts addressing the issue have likewise consistently upheld the validity of such a waiver, if it is knowing, intelligent, and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993); *Palmero v. United States*, 101 F.3d 702, 1996 WL 678222, at *1 (6th Cir.1996) (unpublished). However, the courts have emphasized that regardless of the voluntariness of a § 2255 waiver, a defendant retains the right to raise certain claims by way of a § 2255 motion. *See Wilkes*, 20 F.3d at 652–53; *United States v. Pruitt*, 32 F.3d 431, 432–33 (9th Cir.1994); *Abarca*, 985 F.2d at 1014. Specifically, even where a defendant has waived his statutory right to bring a § 2255 motion, he may nonetheless

be entitled to raise two kinds of claims by way of a § 2255 motion: (1) claims of ineffective assistance of counsel, and (2) claims challenging the voluntariness of the guilty plea. *See id.* Here, defendant has not challenged the voluntariness of his guilty plea.[2] Accordingly, the court now turns to defendant's claims of ineffective assistance of counsel.

## B. *Ineffective Assistance of Counsel*

Defendant argues that his counsel was constitutionally deficient in several respects: (1) counsel did not advise defendant of his absolute right to appeal the district court's sentence; (2) counsel did not argue for a downward departure based on defendant's willingness to stipulate to his own deportation; (3) counsel did not argue for a reduction in defendant's base offense level based on defendant's minimal participation in the conspiracy; and (4) counsel failed to obtain "a recommendation via a Rule 35 petition for a departure in the sentencing guidelines as did the attorney for co-conspirator Richard Johnson." Memo. in Support of § 2255 Motion at 12.

In order to have his sentence set aside based on ineffective assistance of counsel, defendant must fulfill the two requirements stated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687–696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, defendant must show that counsel did not provide "reasonably effective assistance." *Id.* at 687, 104 S.Ct. 2052. In other words, to show deficient performance, the defendant must prove that counsel's advice was not " 'within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Second, "the defendant must show that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. To demonstrate prejudice, the defendant must prove that "there is a reasonable probability that, but for counsel's unpro-

fessional error, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

■ Having thoroughly reviewed the entire record, the court finds that each of defendant's claims of ineffective assistance of counsel fails on the cause prong of *Strickland.*[3] In his first claim, defendant argues that his counsel "was either unaware that the petitioner had the right to appeal or he was to [sic] lazy to discuss said appeal with the petitioner. Based on the foregoing the petitioner's appeal right should be reinstated." Memo. in Support of § 2255 Motion at 11.

Defendant's claim of ineffective assistance of counsel on this ground lacks merit. Assuming the truth of defendant's allegations, defendant's attorney did not inform his client of his right to appeal because defendant waived that statutory right in his plea agreement with the United States. The Fourth Circuit has upheld waivers of the right to appeal, so long as the waiver is knowing and voluntary. *See United States v. Broughton–Jones,* 71 F.3d 1143, 1146 (4th Cir.1995); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992); *United States v. Wiggins,* 905 F.2d 51, 53 (4th Cir.1990).

In the guilty plea proceeding held on November 6, 1996, the court specifically drew defendant's attention to the provisions in paragraph 4 of the plea agreement, stating that by entering into the plea agreement defendant was waiving his right to appeal his sentence, either directly or by way of collateral attack under 28 U.S.C. § 2255. The court found that defendant's waiver of his right to appeal was knowing and voluntary. Thus, defendant has failed to meet his burden to establish cause under the *Strickland* standard. For this reason, defendant's first claim of ineffective assistance of counsel is denied.

■ Defendant bases his second claim of ineffective assistance of counsel on counsel's failure to seek a downward departure under Rule 35(b). Defendant's claim is not merito-

---

**2.** Moreover, in the course of defendant's Rule 11 colloquy, the court established that defendant's guilty plea, including his § 2255 waiver, was knowing, intelligent, and voluntary.

**3.** Since defendant fails to meet his burden under the cause prong of *Strickland,* it is unnecessary to analyze defendant's claims under the prejudice prong.

rious, however. Paragraph Eight of the plea agreement specifies that such a motion may only be brought upon motion of the United States. Furthermore, if the United States exercised its discretion to seek a Rule 35(b) departure, it is solely within the court's discretion whether to grant the motion. Thus, it was entirely proper for defense counsel not to seek a Rule 35 departure, as the decision lies entirely with the prosecutor and the court. Since defendant fails to satisfy the cause requirement of *Strickland,* his second claim of ineffective assistance of counsel must fail.

■ In his third claim of ineffective assistance of counsel, defendant argues that his counsel's performance was constitutionally inadequate because counsel did not seek a downward departure based on defendant's willingness to stipulate to deportation. Defendant is correct to observe that his counsel did not raise this issue. However, as explained below, counsel's performance did not fall below an objective standard of reasonableness.

The failure to raise deportation as a basis for downward departure does not constitute ineffective assistance of counsel. *United States v. Prince,* 110 F.3d 921, 926 (2d Cir.), *cert. denied,* — U.S. ——, 118 S.Ct. 188, 139 L.Ed.2d 127 (1997) (not ineffective assistance of counsel to fail to raise downward departure for consent to deportation). The availability of this type of downward departure entirely depends upon the prosecutor and ultimately the court, not the defense attorney. In 1995, United States Attorney General Janet Reno issued a memorandum to prosecutors regarding this issue. The memorandum authorized prosecutors to seek one or two level departures for those defendants agreeing to deportation. *See United States v. Zapata,* 135 F.3d 844 (2d Cir.1998); *United States v. Farouil,* 124 F.3d 838 (7th Cir.1997). Like a Rule 35(b) motion, whether to seek such a departure lies entirely within the prosecutor's discretion. Like a Rule 35(b) motion, the court retains the ultimate discretionary authority as to whether to grant such a departure. For these reasons, counsel's failure to seek this downward departure did not fall below an objective standard of reasonableness, and thus defendant fails to satisfy the cause prong of *Strickland.*

■ In defendant's fourth and final claim of ineffective assistance of counsel, he alleges that counsel's performance was constitutionally deficient because "counsel failed to argue for a departure based upon minimum role participation. The petitioner's role in the offense was minimum[,] as the petitioner was not a leader or organizer, nor was the petitioner a manager." Memo. in Support of § 2255 Motion at 13.

Defendant misconstrues the applicable provisions of the U.S.S.G. Defendant contends that his counsel should have argued for a role reduction because defendant was not a manager or a leader. However, merely because defendant did not have an aggravating role in the drug conspiracy, does not somehow entitle him to a reduction for a mitigating role. As noted in defendant's presentence report, defendant was deeply involved in the conspiracy for over one year. Since this activity disqualifies defendant from obtaining a reduction for mitigating role, his counsel's failure to raise this issue does not fall below an objective standard of reasonableness. Thus, defendant fails to meet the cause prong of *Strickland,* his final claim of ineffective assistance of counsel.

## IV. Conclusion

For the reasons stated above, the court **DENIES** defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Defendant is **ADVISED** that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice of appeal must be received by the Clerk within sixty (60) days of the date of this Opinion and may be filed without the prepayment of costs or the giving of security therefor. Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R.App. P. 4(a).

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to defendant, and a copy to the United States Attorney at Norfolk.