**UNITED STATES of America**

v.

**Orlando Genao MALDONADO.**

Crim. A. No. 98–643.
Civ. A. No. 00–5170.

United States District Court,
E.D. Pennsylvania.

April 13, 2001.

Orlando Genao-Maldonado, Ft. Dix, NJ, pro se.

Eric B. Henson, U.S. Attorney's Office, Philadelphia, PA, for U.S.

## MEMORANDUM AND ORDER

YOHN, District Judge.

Defendant pled guilty to various offenses for distribution, possession with intent to distribute and conspiracy to distribute heroin. His sentencing guideline range was 120–135 months. The government filed a departure motion based on defendant's substantial assistance in the investigation or prosecution or others. The court granted the government's motion pursuant to U.S.S.G. § 5K1.1 and the motion pursuant to 18 U.S.C. § 3553(e) which allowed me to depart from the guideline minimum and the statutory mandatory minimum. On February 22, 2000, he was sentenced to 70 months of imprisonment (not 87 months as alleged in his motion). No appeal was taken.

On November 29, 2000 defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. He alleges that he was denied the effective assistance of counsel, that he did not knowingly waive his right to appeal or collateral review and that he was sentenced based on the wrong sentencing guideline manual.

Defendant's motion spends a great deal of time establishing his legal right to the effective assistance of counsel. That right is not in doubt. His only specific allegation, however, is that his trial counsel was ineffective for permitting him to waive his right to appeal and his right to seek collateral review. He contends that his counsel failed to explain to him exactly what rights were being waived and that it was not explained to him that the court would appoint an attorney for the purpose of filing an appeal.

The plea agreement includes a mutual waiver of the right to appeal by both the government and the defendant, and a waiver of the defendant's right of collateral attack, if the court adopted the stipulated

guideline calculations of the parties. Defendant contends that he did not understand the effect of the waiver on his right to appeal and the waiver of his right to a § 2255 collateral attack of the sentence imposed. He then notes that he does not seek to withdraw his plea of guilty, but he does want to contest the sentence imposed because it is based on an improper calculation of the guideline range and the wrong sentencing guideline manual.

■ The right to appeal and the right to file for collateral relief may be waived. The plea agreement contained the specific waiver by both parties of the right to appeal the sentence if the court accepted the plea agreement and sentenced the defendant within the guideline range stipulated to by the parties in the plea agreement. The defendant also waived his right to collaterally attack his sentence if the court accepted the sentencing stipulations of the parties. The court not only accepted the stipulations of the parties, but granted the government's motion for a downward departure from both the statutory mandatory minimum sentence and from the stipulated guideline range.

In addition to the reference in the guilty plea agreement, the government's counsel advised the defendant during the guilty plea colloquy that he was giving up his right to appeal the sentence imposed and the right to challenge the sentence subsequent to appeal in any collateral attack if the court adopted the parties' stipulations with respect to the sentencing guideline application. The defendant acknowledged that the statement by government's counsel accurately reflected his agreement with the government, that the guilty plea agreement itself was read to him word by word in Spanish, that he understood the terms of the agreement with the government, that he had enough time to go over the agreement with his attorney and to make his decision to plead guilty on the basis of

it, that he had signed the guilty plea agreement at the end, that the document contained the terms of his agreement with the government as he understood them and that he agreed with the terms of the agreement as they were set forth in the document. In addition, defendant was explicitly informed by the court that he was giving up most rights of appeal by pleading guilty and that he was entitled to appointed counsel at every step in the proceedings.

■ The record is therefore clear that the defendant knowingly waived his right to appeal if the court accepted the guideline calculations to which he had stipulated, as it ultimately did.

Moreover, defendant was not prejudiced by his counsel's alleged failure to explain to him that the court would appoint an attorney to appeal since he was advised during the colloquy that he had a right to an attorney at every stage of the proceeding against him, he already had an attorney appointed for him, and the court advised him at the end of the sentencing that he had a right to appeal and that if he could not afford the cost to appeal the clerk of the court would prepare and file a notice of appeal on his behalf.

Finally, even if defendant's counsel failed to fully explain to him his right to appeal and his right to collateral review which were being waived, and even if the statements in the guilty plea agreement and the guilty plea colloquy with the court were not sufficient to overcome that deficiency, defendant has not been prejudiced by his waiver of his right to appeal because he has set forth no meritorious basis on which an appeal could be successful, as will be shortly seen. In addition, he was not prejudiced by his waiver of his right to collaterally attack his conviction because he was permitted to do so in this proceed-

ing and the collateral attack will be reviewed on its merits.

Defendant next contends that his counsel and the court failed to explain to him that stipulations are not binding on the court pursuant to section 6b1.4 of the sentencing guidelines. Defendant is in error.

The plea agreement made clear that the stipulations were binding on the government and the defendant, but not on the court. The court told the defendant the same thing and he acknowledged that he understood that. Moreover, even if he had not been so informed, he suffered no prejudice because the court did adopt the guideline stipulation of the parties.

Finally, defendant contends that he was sentenced improperly because his sentence was based on the wrong sentencing guideline manual. His offenses were committed between August 17, 1998 and November 19, 1998. He was sentenced on February 22, 2000. The presentence report was prepared on June 29, 1999 and revised February 15, 2000 and notes in paragraph 28 that the 1998 edition of the guideline manual was used in its preparation.

█ Defendant's counsel was not ineffective for failing to object to the use of the 1998 edition of Sentencing Guidelines. This edition was the one in effect at the time of the defendant's sentencing and was properly used. U.S.S.G. § 1B1.11. Defendant has pointed to no provision in the guideline manual which is impacted by the ex post facto clause, and, in fact, does not state any factors that would change if he had been sentenced using a different sentencing guideline manual.

Defendant's claim that the wrong sentencing guideline manual was used resulted in no prejudice to him, even if he were correct, because he makes no allegation of what the correct sentencing guideline manual would be and in what respect it would be any different from the one that was used. The defendant's motion will be denied.

### *ORDER*

AND NOW, this day of April, 2001, upon consideration of defendant's motion pursuant to 28 U.S.C. § 2255 and the government's response thereto, it is HEREBY ORDERED that the motion si DENIED.

IT IS FURTHER ORDERED that the defendant having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.