**Gregory Clyde BUTLER, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 4:01CV96.**

United States District Court,
E.D. Virginia,
Newport News Division.

Nov. 19, 2001.

Janet S. Reincke, Assistant United States Attorney, Norfolk, VA, for USA.

Gregory Clyde Butler, # 51916–083, FCI Cumberland, Cumberland, MD, Pro Se.

## MEMORANDUM OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on petitioner Gregory Clyde Butler's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, petitioner's Motion is **DENIED**.

### I. Factual and Procedural History

On March 27, 2000, a federal grand jury sitting in Newport News, Virginia, issued a forty-nine count indictment against petitioner Gregory Clyde Butler and seven co-conspirators. Stephen John Weisbrod was appointed as defense counsel for petitioner on March 30, 2000, and petitioner was arraigned on April 3, 2000. On June 5, 2000, petitioner pled guilty to Count One of the pending indictment, pursuant to the terms of a written plea agreement. Count One charged petitioner with conspiracy to possess with the intent to distribute and to distribute fifty grams or more of cocaine base, commonly known as "crack" cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(A). On Sep-

tember 26, 2000, petitioner was sentenced to three-hundred-sixty (360) months imprisonment and five (5) years of supervised release. Petitioner waived his right to appeal any sentence within the maximum provided in the statute of conviction, and the right to challenge the conviction, or the sentence, or the manner in which it was determined in any collateral attack, including under 28 U.S.C. § 2255.

On September 24, 2001, petitioner moved this court to vacate, set aside, or correct his sentence, pursuant to § 2255. Petitioner alleges in this collateral challenge that: (1) his guilty plea was not knowing, intelligent, and voluntary and the court did not have jurisdiction to accept it because the indictment did not allege the drug amount attributed to him at sentencing; (2) his 360 month sentence violates the Supreme Court holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the drug amount for which he was sentenced was not proved beyond a reasonable doubt; and (3) petitioner's receipt of a two-level enhancement under the United States Sentencing Guidelines for possession of a firearm during the commission of a drug offense violates *Apprendi* because it was not proved beyond a reasonable doubt.[1] The government filed a response to petitioner's motion on October 15, 2001, and the matter is now ripe for review.

### II. Standard of Review

■ Petitioner proceeds under § 2255, which provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming ... that the sentence was imposed in violation of the

---

1. Because Butler is a pro se petitioner, this court construes his pleadings liberally, holding him to less stringent standards than an attorney drafting such complaints. *Gordon v.*

*Leeke*, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

Constitution or laws of the United States ... may move the Court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving by a preponderance of the evidence that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See id.; Miller v. United States,* 261 F.2d 546, 547 (4th Cir.1958).

In deciding a § 2255 motion, the court is not required to hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir.1988); *United States v. Rowland,* 848 F.Supp. 639, 641 (E.D.Va.1994).

### III. Analysis

Petitioner knowingly and voluntarily waived the right to appeal, or to file a habeas corpus petition, pursuant to 28 U.S.C. § 2255, when he entered his guilty plea to Count One of the indictment. *See* Plea Agreement at 3, ¶ 4. The Fourth Circuit has not definitively ruled on the enforceability of § 2255 waivers. However, at least six federal circuit courts have enforced waivers of collateral attacks brought pursuant to § 2255 when the waiver was knowingly and voluntarily entered. *United States v. Cockerham,* 237 F.3d 1179, 1181–82 (10th Cir.2001); *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000); *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir.2000), *cert. denied,* 531 U.S. 1175, 121 S.Ct. 1148, 148 L.Ed.2d 1010 (2001); *Watson v. United States,* 165 F.3d 486, 488–489 (6th Cir.

1999); *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994); *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.), *cert. denied,* 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993). In addition, in three circuits where the Courts of Appeals have not addressed the issue, district courts have upheld § 2255 waivers when knowingly and voluntarily given. *See, e.g., United States v. Maldonado,* 166 F.Supp.2d 1049, 1050–51 (E.D.Pa.2001); *Luna v. United States,* 1999 WL 767420, at *3 n. 1 (S.D.N.Y.1999) (citing multiple district court cases in the Second Circuit upholding § 2255 waivers); *United States v. Holland,* 1996 WL 208482, at *2 (D.Mass.1996).

In the cases where Courts of Appeals have upheld § 2255 waivers, they generally reason by analogy to waivers of direct appeal rights in plea agreements. Most recently, for example, the Tenth Circuit in *Cockerham* began its analysis by noting "it is well established that a defendant's waiver of the statutory right to direct appeal contained in a plea agreement is enforceable if the defendant has agreed to its terms knowingly and voluntarily." 237 F.3d at 1181. The court recognized that direct appeal waivers are subject to certain exceptions, including where the agreement is involuntary or unknowing, the sentence exceeds the statutory maximum, or the defendant claims the agreement was entered with ineffective assistance of counsel. *Id.* The court then reasoned by analogy that since the right to bring a collateral attack under § 2255 and the right to bring a direct appeal are both statutory rights, both should be waivable, subject to the same exceptions. *Id.; see also DeRoo,* 223 F.3d at 923 ("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context.").

In finding § 2255 waivers generally enforceable, courts have emphasized that even with a § 2255 waiver, a defendant retains the right to raise certain claims in a § 2255 motion. *See, e.g., Wilkes*, 20 F.3d at 652–53; *United States v. Pruitt*, 32 F.3d 431, 432–33 (9th Cir. 1994). Specifically, courts have held that even where a defendant has waived his statutory right to bring a § 2255 motion, he may nonetheless be entitled to raise two kinds of claims by way of a § 2255 motion: (1) claims of ineffective assistance of counsel, and (2) claims challenging the voluntariness of the guilty plea. *Id.* Although the Fourth Circuit has not addressed whether a § 2255 waiver in a plea agreement is generally enforceable, it has established that an express waiver of the right to appeal in a plea agreement is generally enforceable. A direct appeal waiver precludes any direct appeal unless the waiver is shown to be unknowing or involuntary, the sentence exceeds the statutory maximum penalty, the sentence is based on a constitutionally impermissible factor, or the defendant received ineffective assistance of counsel after entry of his guilty plea. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir.2000); *United States v. Attar*, 38 F.3d 727, 732 (4th Cir.1994). In the Fourth Circuit, as long as a district court fully questions a defendant regarding his waiver of appellate rights during the Rule 11 colloquy, the waiver is presumptively valid. *United States v. Wessells*, 936 F.2d 165, 167–68 (4th Cir.1991).

This Court sees no principled means of distinguishing the enforceability of a § 2255 waiver from the enforceability of a direct appeal waiver. The logic and reasoning that supports upholding direct appeal waivers is equally applicable to § 2255 waivers. In upholding a direct appeal waiver, the Fourth Circuit noted that "[i]f defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial, surely they are not precluded from waiving procedural rights granted by statute." *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir.1990) (quoting *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir.1989)). Collateral attack rights under § 2255 are also statutory rights. Furthermore, direct appeal waivers are enforceable because they are designed to preserve the finality of judgments and sentences imposed pursuant to guilty pleas. *Wiggins*, 905 F.2d at 53. Enforcing § 2255 waivers serves a similar purpose. Finally, upholding a direct appeal waiver reinforces that when a defendant waives his right to appeal for the purpose of obtaining certain concessions from the Government, he cannot later ignore his part of the bargain. *Id.* at 54. Upholding § 2255 waivers accomplishes the same goal.

The reasoning behind enforcing direct appeal waivers mandates that the § 2255 waiver be upheld and enforced. The Fourth Circuit has clearly indicated the validity of direct appeal waivers, and it has not questioned the validity of § 2255 waivers that have come before it. *See, e.g., United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir.1994) (interpreting a waiver in a plea agreement as waiving the defendant's rights to launch a collateral attack under § 2255 on any grounds other than ineffective assistance of counsel); *cf. Hailstock v. United States*, 2001 WL 1131989, at *2 (S.D.N.Y.2001) (upholding a § 2255 waiver because Second Circuit law clearly upholds waivers of direct appeals and had not struck down § 2255 waivers that have come before it).

General enforcement of § 2255 waivers may be subject to exceptions, just as enforcement of direct appeal waivers is. For example, in this Circuit, a direct appeal waiver cannot bar claims that the plea

was not knowing and intelligent, that the sentence imposed is in excess of the maximum penalty provided by statute, that the sentence is based on a constitutionally impermissible factor such as race, or that defendant was denied ineffective assistance of counsel after entry of the guilty plea. *Attar,* 38 F.3d at 732–33; *Wessells,* 936 F.2d at 167. Such exceptions may be warranted for § 2255 waivers as well. *See DeRoo,* 223 F.3d at 922–24 (holding defendant cannot waive claims of an illegal sentence, a sentence violating terms of plea agreement, an unknowing and involuntary plea, and ineffective assistance of counsel). *But see Cockerham,* 237 F.3d at 1187 (holding only claim that survives is ineffective assistance of counsel in negotiating the plea itself); *Jones,* 167 F.3d at 1144–45 (same). In *United States v. Astacio,* this court upheld a § 2255 waiver in a plea agreement, but extended some of the same exceptions to the § 2255 waiver as would apply to a direct appeal waiver. 14 F.Supp.2d 816, 819 (E.D.Va.1998). The court concluded that the defendant could still file a petition under § 2255 if his claim alleged ineffective assistance of counsel or challenged the voluntariness of the guilty plea. *Id.* In sum, a § 2255 waiver should not bar ineffective assistance of counsel claims or claims that a guilty plea was involuntary, just as direct appeal waivers do not bar those claims.

General enforcement of § 2255 waivers, subject to the same exceptions as direct appeal waivers, aligns with precedent from other district courts in this Circuit that have indicated a defendant's waiver of the right to file a § 2255 motion is as valid as a waiver of the right to a direct appeal. *See, e.g., United States v. Smith,* 113 F.Supp.2d 879, 898 (E.D.Va.1999) (holding that a plea agreement with a waiver of direct appeal rights does not include a waiver of collateral remedies because the government "could have included a waiver of collateral

rights in the plea agreement and chose not to do so"); *United States v. Tayman,* 885 F.Supp. 832, 834 (E.D.Va.1995) (stating that "[i]t is not difficult for the government to write plea agreements that explicitly waive both appeal and § 2255 rights. Where the government does not do so, courts must conclude that the defendant has not waived his right to bring a § 2255 motion.").

Accordingly, this Court joins the decisions of other district courts in this circuit, the decisions of other circuit courts, the decision of district courts in other circuits, and holds that § 2255 waivers are generally enforceable. The court next addresses whether petitioner's § 2255 waiver was knowingly and voluntarily entered.

In this case, Butler and the United States entered into a plea agreement in which Butler explicitly waived his right to challenge his conviction or sentence in any collateral attack. Paragraph four of the plea agreement states: "The defendant also waives the right to challenge the conviction, or the sentence or the manner in which it was determined in any collateral attack, including a motion brought under Title 28, United States Code, Section 2255." Plea Agreement at 3, ¶ 4. At Butler's Rule 11 plea colloquy on June 5, 2000, the court conducted a thorough review of the plea agreement and specifically advised petitioner about the § 2255 waiver contained therein. Plea Tr. 14–15. Petitioner indicated he understood the waiver, had no questions about it, and had discussed it with his attorney. Plea Tr. 15. There is no question that petitioner has knowingly and voluntarily waived his right to collaterally attack his conviction and sentence.

The only claim petitioner raises that the court recognizes as outside the § 2255 waiver is whether his guilty plea was en-

tered knowingly and voluntarily. Therefore, the court now turns to this claim.

### A. Petitioner's Guilty Plea Was Knowing and Voluntary, and the Court had Jurisdiction to Accept it.

Petitioner claims his guilty plea was not knowing and voluntary because he did not have a full understanding of the charges to which he was pleading or the consequences. He alleges the reason he did not have a full understanding is that the indictment did not specify the drug quantity for which petitioner would be held accountable. He further alleges that the failure of the indictment to state the specific drug quantity rendered the court without jurisdiction to accept the guilty plea, as the indictment did not charge an offense.

■ Petitioner's claim that the court did not have jurisdiction is flatly contradicted by the indictment, which clearly charged all of the elements of the offense. Count One of the indictment charged petitioner with participation in a conspiracy to knowingly and intentionally possess with the intent to distribute and to knowingly and intentionally distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The indictment fairly informed petitioner of the exact charges against him and was sufficient to enable petitioner to plead double jeopardy in subsequent prosecutions for the same offense. *United States v. Sutton,* 961 F.2d 476, 479 (4th Cir.1992) (stating these two factors are the necessary requirements for an indictment to be constitutional). The court properly had jurisdiction to hear petitioner's plea.

On June 5, 2000, petitioner pled guilty to Count One at a hearing that met the standard of Rule 11 of the Federal Rule of Criminal Procedure. Rule 11(c)(1) states that:

Before accepting a plea of guilty . . . , the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense.

The record clearly demonstrates that the court properly conducted a Rule 11 hearing. The court reviewed the charge to which petitioner was pleading guilty and presented the consequences. Plea Tr. 4–9. The court repeatedly informed petitioner about the maximum statutory penalty of life imprisonment, the minimum statutory penalty of ten years imprisonment, the maximum fine of $4 million, and the supervised release term of at least five years, all resulting from conviction of this offense. Plea Tr. 4–9, 13. The court told petitioner about the Sentencing Guidelines and how they generally operate in calculating a sentence. Plea Tr. 5–6, 13–14. The court advised of the consequences of being in a conspiracy, namely that petitioner's sentence would encompass all actions taken on behalf of the conspiracy while he was a member, even if those actions were undertaken by a co-conspirator and not by petitioner. Plea Tr. 8. The court informed petitioner of his right to plead not guilty, his right to a jury trial, his right to the assistance of an attorney, his right to confront and cross-examine witnesses, his right not to testify, his right to compel the

production of evidence, the presumption of innocence at trial, the burden of proof on the government to prove his guilt beyond a reasonable doubt, and the requirement that any jury verdict be unanimous. Plea Tr. 10–12. Petitioner indicated that he understood the rights he was giving up, and that he had read and reviewed the plea agreement with his counsel. Plea Tr. 9–13. The court explicitly discussed the waivers of petitioner's right to appeal the court's sentence and right to file a later habeas corpus petition. Plea Tr. 14–15. Petitioner acknowledged he understood the waivers and had discussed them with his attorney. Plea Tr. 15. The Government then recited the facts that it would prove if the case were to go to trial, *including that the total amount of crack cocaine involved in the conspiracy was in excess of one and a half kilograms*. Plea Tr. 17–18. Thereafter, the Court asked petitioner and his counsel whether they agreed with the proffer of evidence, and both separately answered that they agreed with it. Plea Tr. 18.

Based on the record, the court's inquiry was sufficient and petitioner was properly informed as to the charge, the consequences of his guilty plea, and his potential sentence of up to life imprisonment. Petitioner affirmed to the court that he understood the charge and was voluntarily entering a guilty plea. Representations of a defendant at Rule 11 hearing constitute a formidable barrier in subsequent collateral proceedings. *United States v. Lott*, 630 F.Supp. 611, 614 (E.D.Va.), *aff'd*, 795 F.2d 82 (4th Cir.1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Petitioner has not demonstrated any reason that his guilty plea was not knowing and voluntary. Therefore, based on the record, the court finds that petitioner's plea, including the waivers contained in the written plea agreement of his right to appeal and to collaterally attack his sentence, was knowing, intelligent, and voluntary.

**B. Petitioner's Waiver of His Right to File a § 2255 Motion Precludes His Argument That the Court's Determination of Drug Weight Applicable to Him Violates *Apprendi*.**

Petitioner collaterally attacks his sentence based on *Apprendi*, arguing that the court's determination of the drug weight attributable to him violates Supreme Court precedent.[2] In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Specifically, petitioner argues that the attribution of drug weight at sentencing violates *Apprendi* because the drug weight was not alleged in Count One of the indictment and was proved by only a

---

**2.** Petitioner also briefly mentions his fifth amendment due process right and sixth amendment right to a jury trial. His argument seems to be that his fifth amendment and sixth amendment rights were violated because the drug quantity that extended his sentence beyond what he believes to be the twenty year statutory maximum was not included in the indictment. His argument does not have merit as the drug quantity "more than 50 grams" of crack cocaine was both charged and presented. Count One of the indictment against petitioner specified that the conspiracy acted in violation of 21 U.S.C. 841(b)(1)(A), which carries a maximum penalty of life imprisonment. The indictment was not so vague as to deny due process of law, and it provided petitioner with more than the required minimum notice of the charges against him. When petitioner chose to waive his right to a jury trial by pleading guilty, he had been properly informed as to the charges, and applicable penalties, that he faced.

preponderance of the evidence. Petitioner further alleges he should have faced a twenty-year maximum sentence under 21 U.S.C. § 841(b)(1)(C) because the specific drug weight was not charged in the indictment and proved beyond a reasonable doubt.

Petitioner is before the court on a § 2255 motion after having pled guilty pursuant to a written plea agreement in which he waived his right to file a § 2255 motion. That waiver effectively precludes petitioner from arguing in a collateral attack that his sentence violates *Apprendi*. This claim is not one that the court could find survives a generally enforceable waiver of his right to file a § 2255 motion.

■ The court notes that even if petitioner had not waived his right to file a § 2255 motion, his argument is meritless. First, petitioner's motion is predicated on the erroneous notion that the Supreme Court made the newly-recognized right enunciated in *Apprendi* retroactively applicable to cases on collateral review; the Fourth Circuit has definitively ruled to the contrary. *Apprendi* does not apply to collateral attacks. *United States v. Sanders*, 247 F.3d 139 (4th Cir.2001), *cert. denied*, ——— U.S. ———, 122 S.Ct. 573, ——— L.Ed.2d ——— (2001).

■ Second, contrary to petitioner's assertions, the Supreme Court's decision in *Apprendi* is not implicated in this case because the amount of drugs was charged in the indictment, and petitioner's sentence did not exceed the statutory maximum. *See United States v. Kinter*, 235 F.3d 192, 199–200 (4th Cir.2000), *cert. denied*, ——— U.S. ———, 121 S.Ct. 1393, 149 L.Ed.2d 316 (2001). Petitioner incorrectly asserts that

he should have faced a twenty year maximum sentence under § 841(b)(1)(C). The indictment charged petitioner and his co-conspirators with possession with the intent to distribute and distribution of fifty grams or more of crack cocaine in violation of § 841(b)(1)(A). As set forth in § 841(b)(1)(A), the maximum penalty for conspiring to traffic in crack cocaine in the amount charged is life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). A court can impose a sentence exceeding the twenty year maximum in 841(b)(1)(C) if the specific threshold drug quantity is treated as an element of an aggravated drug trafficking offense by being charged in the indictment and proved beyond a reasonable doubt. *See United States v. Promise*, 255 F.3d 150, 156–157 (4th Cir.2001)(en banc).

■ The requirements of *Promise* were met in this case. The specific threshold drug quantity that triggers § 841(b)(1)(A) was charged in the indictment.[3] The threshold drug quantity was proved beyond a reasonable doubt when petitioner pled guilty. *See McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (pleading guilty admits the material elements of the offense). Furthermore, at his Rule 11 hearing, the court unequivocally informed petitioner that his sentence would be somewhere between a minimum of ten years and a maximum of life in prison, and the government proffered evidence that the total amount of crack cocaine involved in the conspiracy was in excess of 1.5 kilograms. Plea Tr. 18. Defendant agreed with the proffer of evidence, and did not challenge the conclusion that the government could have proved far in ex-

---

**3.** Because even the threshold amount exposes petitioner to the peak sentencing range in § 841(b)(1)(A), the indictment did not need to specify the exact amount of crack cocaine involved in the conspiracy. *See United States*

*v. DeLeon*, 247 F.3d 593, 597 (5th Cir.2001) (holding that "an indictment's allegation of a drug-quantity range, as opposed to a precise drug quantity, is sufficient to satisfy *Apprendi* and its progeny").

cess of the minimum amount of drugs necessary to give rise to a life sentence under § 841(b)(1)(A). *Id.* After petitioner pled guilty, the court properly determined that petitioner was accountable for 1.5 kilograms or more of crack cocaine (actual amount 2,584.47 grams).[4] Under the Guidelines, petitioner's sentencing range was restricted to 360 months to life imprisonment. In accordance with that range, the court imposed a 360 month sentence.

### C. Petitioner's Waiver of His Right to File a § 2255 Motion Precludes His Argument That the Two–Point Firearm Enhancement Violates *Apprendi.*

Petitioner collaterally attacks his sentence for violating *Apprendi* because he was given a two-point enhancement for possession of a firearm during a drug conspiracy. Specifically, petitioner claims the district court violated *Apprendi* when his base level offense was enhanced by the Guidelines for possession of a firearm during the drug conspiracy.

 Petitioner's claim about the firearm enhancement is also one that does not survive the generally enforceable waiver of his right to file a § 2255 motion. However, as previously discussed, even if petitioner had not waived his § 2255

rights, his argument would fail. First, *Apprendi* does not apply retroactively to cases on collateral review. *Sanders,* 247 F.3d at 146. Second, judicial factfinding under the Sentencing Guidelines is not subject to the *Apprendi* requirements as long as it does not enhance the defendant's sentence beyond the maximum term specified in the substantive statute. *Kinter,* 235 F.3d at 199–200; *see also United States v. Obi,* 239 F.3d 662, 667 (4th Cir. 2001) (sentencing court does not violate *Apprendi* when it makes factual findings that result in increased punishment under the Sentencing Guidelines), *cert. denied,* —— U.S. ——, 122 S.Ct. 86, —— L.Ed.2d —— (2001). Given that the maximum term specified 841(b)(1)(A) is life imprisonment, judicial factfinding clearly did not extend petitioner's sentence beyond the statutory maximum.

### IV. Conclusion

Petitioner is **ADVISED** that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 101 25th Street, Newport News, Virginia 23607. The written notice must be received by the Clerk within sixty (60) days from the date of this Memorandum Opinion and Final Order.

---

4. Petitioner argues the government bears the burden of establishing drug quantity by a preponderance of the evidence, which it did not meet because it "did not produce any witnesses or any evidence to prove drug quantity" and "merely adopted the findings of the Presentence Report." Pet. Br. at 8. Petitioner is correct that the government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. *United States v. Gilliam,* 987 F.2d 1009, 1013 (4th Cir.1993). The government may do so by relying on information found in the defendant's presentence report, unless the defendant affirmatively shows that such infor-

mation is inaccurate or unreliable. *Id.* A defendant who contests information in the presentence report has an affirmative duty to show that the information is inaccurate or unreliable. *United States v. Terry,* 916 F.2d 157, 162 (4th Cir.1990). "Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the [presentence report] without more specific inquiry or explanation." *Id.* Therefore, petitioner's argument that the government did not sufficiently prove drug quantity at his sentencing is without merit. The court found by a clear preponderance of the evidence that petitioner was responsible for a total of 2,584.47 grams of crack cocaine.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Final Order to petitioner and to Janet Reincke, Assistant United States Attorney at Norfolk.

It is so **ORDERED.**