**UNITED STATES of America,**

v.

**Roderick Emmanuel STEADMAN,**
**Defendant.**

No. CRIM.A.00–248–A.

No. CIV.A.01–1573–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 27, 2002.

As Amended April 4, 2002.

---

Roderick Emmanuel Steadman, Petersburg, VA, Pro se.

### *MEMORANDUM OPINION*

LEE, District Judge.

Defendant, Roderick Emmanuel Steadman (Steadman), a federal inmate proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The issues presented are (1) whether defense counsel was ineffective for failing to require that the United States prove that the controlled substance in the case was "crack" cocaine base as opposed to another form of cocaine base; and (2) whether the judge's comments during the plea colloquy amended the information and thus violated Steadman's due process rights. The Court denies Steadman's Motion to Vacate because he pleaded guilty to an offense involving distribution of "crack" cocaine and, therefore, defense counsel rendered effective assistance. The judge's description of the offense during the plea colloquy did not amend the criminal information and thus Steadman's right to due process of law was not violated. For these reasons, which are explained below, Steadman's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied.

## I. Procedural History

On July 19, 2000, Steadman appeared before this Court with counsel to plead guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Steadman waived the indictment and consented to proceed by information. During the plea colloquy, as the judge explained the charge to Steadman, he recited that the offense involved cocaine base and said, "commonly known as crack cocaine." The judge then asked Steadman if he understood the charges against him. Steadman replied in the affirmative. The words "crack cocaine" do not appear in the waiver of indictment, information, statement of facts, or the plea agreement. Counsel for Steadman did not object to the judge's characterization of the charge. The judge also inquired whether Steadman understood the range of possible sentences that would result if he pleaded guilty according to the plea agreement. That range of sentences, a mandatory minimum of ten years and a possible maximum of life, is consistent with the range of penalties for violations of 21 U.S.C. § 841(a) involving 50 grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(A)(iii).

On October 20, 2000, Steadman appeared before the Court for sentencing. Prior to that hearing, all parties had received copies of the presentence report,[1] which indicated that Steadman was to be sentenced starting with a "Base Offense Level" of 32, the base level for offenses involving fifty to one hundred grams of "crack" cocaine base.[2] Steadman, through counsel, filed a Memorandum on Sentencing which describes Steadman as a "crack" addict and argues for a reduced sentence, based partially on the statement "most, by far, of the crack prosecutions and lengthy sentences are against African–American defendants." During the sentencing hearing, defense counsel argued that "even the Sentencing Commission tried to reduce the guidelines for crack. . . ." Tr. of Sentencing Hearing at 18. All of the documentation submitted refers to mandatory minimum and maximum sentences based on a conviction for "crack" cocaine base, rather than those based on cocaine (including other forms of cocaine base). The Court granted Steadman's Motion for Downward Departure from Criminal History Category Five to Category Four, which reduced the guideline range from 168 to 210 months to 151 to 188 months. The Court then sentenced Steadman to 151 months of incarceration with five years of supervised release. Again, the guideline ranges considered and discussed were solely the ranges for a conviction involving "crack" cocaine base. Steadman did not file a direct appeal of his conviction, having waived his right to appeal the sentence in his plea agreement.

On March 19, 2001, Steadman filed the instant Motion to Vacate, Set Aside or Correct Sentence. The United States filed an Opposition, and Steadman filed an Opposition to the United States' Opposition and a later Addendum. Accordingly, this matter is now ripe for disposition.

---

1. *See United States v. Steadman,* Crim. No. 00–248–A, Position of the Government With Respect to Sentencing Factors [Docket No. 20] (filed Oct. 18, 2000); Resp.'s Opposition, Ex. C., page 2.

2. *See* United States Sentencing Guidelines Manual (USSG) § 2D1.1(a)(3)(c)(4) and Chapter 5, Part A. The manual states " '[c]ocaine base,' for the purposes of this guideline, means 'crack.' " USSG § 2D1.1(c), note (D). This note was clarified by Amendment 487, effective November 1, 1993, which states that forms of cocaine base other than 'crack' will be treated as cocaine.

## II. Standard of Review

A prisoner in custody pursuant to a sentence imposed by a federal court may file a motion pursuant to 28 U.S.C. § 2255. There are four grounds on which § 2255 relief may be obtained: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States,* 261 F.2d 546, 547 (4th Cir. 1958). In the instant motion, Steadman claims his sentence was imposed in violation of his Sixth Amendment right to counsel and his Fifth Amendment right to due process.[3]

■ Insofar as the errors asserted in Steadman's § 2255 motion were not raised at trial, sentencing or on direct appeal, and could have been, review is limited: Steadman "must show both (1) cause excusing his double default and (2) actual prejudice resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Without such a showing of both cause and prejudice, collateral review is available only where the error involves a "fundamental defect which inherently results in a complete miscarriage of justice," *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), such as a constitutional violation possibly resulting in the conviction of an innocent person.

*Noble v. Barnett,* 24 F.3d 582, 586 n. 5 (4th Cir.1994).

Where the error claimed is ineffective assistance of counsel, however, the *Frady* cause and actual prejudice standard does not apply, because the issue is one that is properly raised on collateral review. *United States v. DeFusco,* 949 F.2d 114, 120 (4th Cir.1991). Such claims are reviewed under the less stringent standard set forth in *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As a result, Steadman's claim of ineffective assistance of counsel will be reviewed under the *Strickland* standard, but his claim of violation of due process, which could have been properly raised on direct appeal, is barred from review unless the *Frady* standard is met.

■ One additional consideration remains: Steadman's waiver of his right to appeal "any sentence within the maximum provided ... on any ground whatever." Pet.'s Ex. C, at 3. As long as a court fully questions a defendant regarding his waiver of appellate rights during the plea colloquy, the waiver is presumptively valid. *United States v. Wessells,* 936 F.2d 165, 167–68 (4th Cir.1991); *Butler v. United States,* 173 F.Supp.2d 489, 493 (E.D.Va. 2001). However, the issue here is whether the language contained in the plea agreement also waived Steadman's right to collateral review. During the colloquy, the Court only questioned Steadman on his waiver of direct review. "[O]rdinarily you'd have right to appeal to the Court of Appeals for the Fourth Circuit to have the Court of Appeals review my judgment." Tr. of Plea at 14. No discussion of a

---

**3.** The United States argues that Steadman is actually attacking the application of the Sentencing Guidelines under the third ground and, because the sentence was within the statutory maximum limit it should be insulated from § 2255 review absent a "miscarriage

of justice." *United States v. Pregent,* 190 F.3d 279, 283–84 (4th Cir.1999). However, Steadman claims that his sentence was imposed in violation of his Constitutional rights and thus review under the first ground applies.

waiver of collateral review occurred. *Id.* at 13–14. As a result, the Court finds that Steadman did not waive his right to collateral review of the sentence imposed.

### III. Claim One: Ineffective Assistance of Counsel

In Claim One, Steadman asserts that defense counsel was constitutionally ineffective when he failed to require that the United States uphold its burden of proof during sentencing to prove the nature of the controlled substance. That alleged burden was whether the substance was cocaine base or "crack", which is cocaine base in the form of "crack." There are substantial differences in the ranges of punishment under the United States Sentencing Guidelines between "crack" cocaine base and cocaine. *See United States v. Pitt*, 953 F.Supp. 737, 743 (E.D.Va.1997).

For Steadman to prevail on his ineffective assistance of counsel claim, the Court must determine (1) "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance," *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (defining ineffective assistance of counsel as falling below an objective standard of reasonableness; specifying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "The [movant] must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." *Spencer v. Murray*, 18 F.3d 229, 232–33 (4th Cir.1994). Moreover, "[i]f there is no prejudice, a court need not review the reasonableness of counsel's performance." *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir.1998).

Steadman's claim of ineffective assistance of counsel fails for two reasons.

■ First, Steadman has not established that defense counsel's performance fell below an objective standard of reasonableness. Steadman contends that defense counsel failed to object to the Government's failure to prove the precise nature of the controlled substance and that the substance was "crack" cocaine base. Defense counsel's performance at sentencing was well within the range of professional competence in this Circuit. Defense counsel filed timely objections to the presentence report and guidelines computation, and a motion for downward departure as to Steadman's criminal history category. The motion for downward departure was granted by the Court. Moreover, Steadman admitted the substance was "crack" cocaine base. Tr. of Plea at 7.

An admission in the plea colloquy "relieve[s] the government of any burden it had at sentencing to show that the drug involved was crack." *United States v. Gray*, 182 F.3d 762, 768 (10th Cir.1999) (citing *United States v. Glover*, 97 F.3d 1345, 1347 (10th Cir.1996)). And, in any case, the Fourth Circuit has not adopted the holdings of other circuits that require that the government bear the burden of proof at sentencing to show the controlled substance at issue is "crack" cocaine base rather than another form of cocaine base. *Compare United States v. Pitt*, 131 F.3d 138 (4th Cir.1997) (unpublished) *with United States v. James*, 78 F.3d 851 (3d Cir. 1996); *United States v. Munoz–Realpe*, 21 F.3d 375 (11th Cir.1994). As a result, defense counsel was not ineffective for failing to raise this question in this circuit and his performance was otherwise more than adequate.

■ Second, even assuming, arguendo, that defense counsel should have objected to lack of proof that the substance at issue

was "crack" cocaine base, Steadman has failed to show prejudice. A defendant's guilty plea establishes a base offense level and a corresponding sentencing range. *United States v. Urrego–Linares*, 879 F.2d 1234, 1239 (4th Cir.1989). During the plea colloquy, Steadman admitted that the substance at issue was "crack" cocaine base. Tr. of Plea at 7, 19. As a result, the applicable base offense level and sentencing range were those for "crack" cocaine base.

■ Moreover, Steadman cannot show that a reduced guideline range would have applied if the nature of the substance was in dispute. A preponderance of the evidence standard applies to factual disputes at sentencing. *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). Where the government seeks to enhance a sentence, it has the burden of showing the applicability of the aggravating factor. *United States v. Powell*, 886 F.2d 81 (4th Cir.1989). Similarly, where the defendant wishes to introduce a mitigating factor, the defendant bears the burden of proof. *United States v. Davenport*, 884 F.2d 121 (4th Cir.1989). As a result, the burden would be on the defendant to show a factor that would reduce the sentencing range.

Any attempt by defense counsel to meet this burden would have failed. No evidence exists in the record to show that the substance was anything other than "crack" cocaine base. Steadman's contention that the lab analyses fail to mention "crack" cocaine base is not dispositive, as "chemical analysis cannot distinguish crack from any other form of cocaine base...." *United States v. Robinson*, 144 F.3d 104, 109 (1st Cir.1998). Moreover, if challenged, the United States could have simply called an experienced agent, such as John R. Piper, the police officer with the Northern Virginia Regional Crack Task Force who provided the affidavit on which the criminal complaint was based, to testify to the nature of the substance in question. *See* Resp. Ex. A. Thus, the result of the sentencing hearing would not have been different, and Steadman has failed to show that he was prejudiced. Accordingly, as Steadman has failed to show either objectively deficient performance or prejudice, his claim of ineffective assistance of counsel fails.

### IV. Claim Two: Due Process

■ In his second claim, Steadman asserts that the Court violated his right to due process during the plea colloquy when the judge parenthetically described the cocaine base charged in the information as "commonly known as crack cocaine." Because Steadman failed to raise this claim on direct appeal, he must show both cause and actual prejudice, or actual innocence. *Frady*, 456 U.S. at 167–68, 102 S.Ct. 1584. Although ineffective assistance of counsel may suffice for cause, Steadman's allegations of ineffective assistance of counsel fail to state a claim. *See* Section III, *supra*. As a result, Steadman has not shown cause for his default.

■ Moreover, Steadman can show no prejudice. As the United States illustrates, the judge's parenthetical comment did not constructively amend the information. Although constructive amendment of an indictment is error *per se*, *United States v. Floresca*, 38 F.3d 706, 714 (4th Cir.1994), the amendment will stand if it does not change the essential or material element of the charge so as to cause prejudice to the defendant. *United States v. Bledsoe*, 898 F.2d 430 (4th Cir.1990). The language in the information prior to the "amendment" mirrors the language of the penalty provision for "crack" cocaine base, 21 U.S.C. § 841(b)(1)(A)(iii). As a result, the judge's parenthetical comment did not change the meaning of the charges against Steadman.

Additionally, it is abundantly clear from the record that all parties concerned were aware that the substance at issue was indeed the form of cocaine base known as "crack" cocaine. Thus, no failure of notice occurred to prejudice Steadman. As a result, Steadman can show neither cause nor prejudice.

In addition, Steadman cannot establish actual innocence. His subsequent entry of a knowing and voluntary guilty plea bars independent claims of a deprivation of a constitutional right that occurred prior to the entry of that plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Steadman avers that he does not wish to attack his guilty plea, but only the sentence. He does not, therefore, allege that his guilty plea was anything other than knowing and voluntary, and does not allege that he is actually innocent. As a result, Steadman's claims of a due process violation prior to that plea is barred. Accordingly, Steadman's second claim fails. As he has not shown cause and actual prejudice sufficient to overcome the procedural bar, or actual innocence, Steadman's second claim must be dismissed.

## V. Conclusion

For the reasons stated above, Steadman's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 must be denied. An appropriate Order shall issue.